IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CITY OF GREENVILLE, ILLINOIS *et al.*,     )
                                           )
Plaintiffs,                                )
                                           )
v.                                         )
                                           )          Case No. 10-188-JPG-PMF
SYNGENTA CROP PROTECTION, INC.,            )
and SYNGENTA AG,                           )
                                           )
                                           )
Defendants,                                )

---

## PLAINTIFFS' MOTION TO RE-DESIGNATE
## DOCUMENTS UNDER THE PROTECTIVE ORDER

---

Plaintiffs respectfully move the Court to declare the deposition testimony of

Christoph Mäder, John Atkin, Tobias Meili, Elizabeth Quarles, Peter Hertl, Vern

Hawkins, Dirk Drost, Jason Fogden, Marian Stypa, and Janis McFarland to be NOT

CONFIDENTIAL under the Protective Order (Doc 90).

1.     Plaintiffs took the depositions of members of the Board of Directors and

employees of Syngenta Crop Protection, Inc. ("SCPI") in October and November of

2010.[1] The deponent and deposition date are as follows:

        a.   Christoph Mäder – October 14, 2010

---

[1] The transcript of each deposition was attached as an exhibit to Plaintiffs' Opposition to Syngenta AG's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 112). The transcripts were Exhibits 2 through Exhibit 11 of Plaintiffs' brief, and may be found in their entirety as Document 112-2.

    b.   John Atkin – October 15, 2010

    c.   Tobias Meili – October 26, 2010

    d.   Elizabeth Quarles – October 27, 2010

    e.   Peter Hertl – November 4, 2010

    f.   Vern Hawkins –November 9, 2010

    g.   Dirk Drost –November 10, 2010

    h.   Jason Fogden – November 11, 2010

    i.   Marian Stypa – November 11, 2010

    j.   Janis McFarland –November 17, 2010

2.     During each deposition, Counsel for SCPI stated on the record that it was designating the deposition to be confidential under Paragraph 5 of the Protective Order entered on October 5, 2010 (Doc. 90).

3.     SCPI failed to advise Plaintiffs' counsel of the specific pages and lines in which Confidential Information appears within 10 business days of SCPI's receipt of the initial deposition transcript, as required by Paragraph 5 of the Protective Order (Doc. 90).

4.     While Plaintiff is unaware of the exact date that SCPI's received the initial transcript, Plaintiffs reasonably believe that SCPI received the initial transcript sometime before the Court Reporter sent the final version of the deposition transcripts

to Plaintiffs. The final transcripts were sent to Plaintiff by the Court Reporter on the following dates:

    a.  Christoph Mäder – December 3, 2010;

    b.  John Atkin – December 7, 2010;

    c.  Tobias Meili – December 20, 2010;

    d.  Elizabeth Quarles – December 20, 2010;

    e.  Peter Hertl – December 23, 2010;

    f.  Vern Hawkins – December 27, 2010;

    g.  Dirk Drost – December 27, 2010;

    h.  Jason Fogden – January 10, 2011;

    i.  Marian Stypa – January 5, 2011;

    j.  Janis McFarland – January 6, 2011.

5.    To date, SCPI has not advised Plaintiffs' counsel of the specific pages and lines in which Confidential Information appears, even though more than 4 months have passed since the last deposition was taken. Thus, SCPI abandoned its claim of confidentiality as to the designations made on the record of each deposition.

6.    On March 21, 2011, Plaintiff's Counsel sent a letter advising SCPI's Counsel that it had failed to properly designate the transcripts as Confidential under the Protective Order (Doc. 90), as SCPI had failed to designate the specific pages and lines of the transcripts in which Confidential Information appears. *See Letter of Christie*

*R. Deaton to SCPI's Counsel dated March 21, 2011, attached hereto as Exhibit 1, and*

*incorporated herein, and electronic mail from Janet Witteried to SCPI's Counsel dated March 21,*

*2011 at 3:45 p.m., attached hereto as Exhibit 2, and incorporated herein.*

7.      Also in the letter of March 21, 2011, Plaintiffs' Counsel informed SCPI that

it objected to any portion of any of the transcripts being designated as Confidential in

accordance with Paragraph 12 of the Protective Order (Doc. 90).  *See Exhibit 1.*

8.      On March 22, 2011, SCPI's Counsel responded to Plaintiffs' letter.  SCPI

asserted that the confidentiality statements made on the record were sufficient to render

every word of the transcripts confidential.  *See letter from Kurtis B. Reeg to Christie R.*

*Deaton dated March 22, 2011, attached hereto as Exhibit 3, and incorporated herein.*

Conspicuously absent from SCPI's correspondence was any attempt to comply with

Paragraph 5 of the Protective Order (Doc. 90) by advising Plaintiff "of the specific pages

and lines in which Confidential Information appears."  SCPI also failed to address

Plaintiff's objection to confidential designations of any portion of the transcripts.

9.      Furthermore, SCPI has failed to meet its burden of showing that the

information contained within each transcript meets the definition of "Confidential

Information" as it is used in the Protective Order and as it is defined in Paragraph 3

therein.

10.      As Paragraph 5 of the Protective Order (Doc. 90) requires that Plaintiffs

treat the entire transcript as Confidential prior to the page and line designations,

Plaintiffs ask that the Court to relieve Plaintiffs of this burden based upon SCPI's failure to timely act in accordance with the Protective Order (Doc. 90).

WHEREFORE, Plaintiffs respectfully request that this Court designate the transcripts of Christoph Mäder, John Atkin, Tobias Meili, Elizabeth Quarles, Peter Hertl, Vern Hawkins, Dirk Drost, Jason Fogden, Marian Stypa, and Janis McFarland to be NOT CONFIDENTIAL under the Protective Order based upon SCPI's abandonment of its Confidentiality designations by its failure to comply with Paragraph 5 of the Protective Order (Doc. 90).  In the alternative, Plaintiffs respectfully request that this Court designate the transcripts of Christoph Mäder, John Atkin, Tobias Meili, Elizabeth Quarles, Peter Hertl, Vern Hawkins, Dirk Drost, Jason Fogden, Marian Stypa, and Janis McFarland to be NOT CONFIDENTIAL under the Protective Order because the information contained therein does not meet the definition of "Confidential Information" as it is used in the Protective Order (Doc. 90).

Respectfully submitted,
By:  /s/ Stephen M. Tillery
STEPHEN M. TILLERY
**KOREIN TILLERY, LLC**
CHRISTINE J. MOODY
CHRISTOPHER A. HOFFMAN
CHRISTIE R. DEATON
MICHAEL E. KLENOV
505 N. Seventh Street, Suite 3600
St. Louis, Missouri 63101
Telephone:  (314) 241-4844

Facsimile:  (314) 241-3525
STillery@koreintillery.com
CMoody@koreintillery.com
CHoffman@koreintillery.com
CDeaton@koreintillery.com
MKlenov@koreintillery.com

PATRICIA S. MURPHY
**MURPHY LAW OFFICE**
P.O. Box 220
Energy, Illinois  62933-0220
Telephone:  (618) 964-9640
Facsimile:    (618) 964-1275
tsuemurphy@gmail.com

**BARON & BUDD, P.C.**
SCOTT SUMMY
CARLA BURKE
CELESTE EVANGELISTI
CARY MCDOUGAL
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219-4281
Telephone: (214) 521-3605
Facsimile:  (214) 520-1181
SSummy@baronbudd.com
CBurke@baronbudd.com
CEvangel@baronbudd.com
CMcdouga@baronbudd.com

***Attorneys for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CITY OF GREENVILLE, ILLINOIS *et al.*,       )
                                             )
Plaintiffs,                                  )
                                             )
v.                                           )
                                             )       Case No. 10-188-JPG-PMF
SYNGENTA CROP PROTECTION, INC.,              )
and SYNGENTA AG,                             )
                                             )
                                             )
Defendants,                                  )

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all persons registered for ECF as of that date.

By:  /s/ Stephen M. Tillery
       Stephen M. Tillery
       KOREIN TILLERY
       505 N. Seventh Street, Suite 3600
       St. Louis, Missouri 63101
       Telephone:  (314) 241-4844
       Facsimile:   (314) 241-3525
       stillery@koreintillery.com

7