# EXHIBIT 3

Letter from Kurtis B. Reeg to Christie R. Deaton
Dated March 22, 2011



KURTIS B. REEG
President-Managing Partner
kreeg@reeglawfirm.com
ADMITTED IN MISSOURI, ILLINOIS, KANSAS & NEBRASKA

March 22, 2011

**VIA E-MAIL AND REGULAR US MAIL**

Ms. Christie Deaton
Korein Tillery, LLC
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, MO 63101

      Re:    Holiday Shores Sanitary District v. Syngenta Crop Protection, LLC, et al
                Case No. 04-L-000710

Dear Christie:

    We are in receipt of your letter dated March 21, 2011, and sent after the close of business. HSSD and its counsel know full well that all of the depositions of Syngenta personnel taken re the personal jurisdictional dispute were designated in full by all Syngenta counsel present at the time as Confidential and subject to the Protective Order entered in the *Greenville* case. To give us less than 24 hours to react is also arbitrary and unreasonable.

    The fact that you were not in attendance is of no moment, as you surely have read the transcripts. In several of the depositions, Mr. Tillery himself acknowledged that they were covered by the Protective Order (Atkin & Meili). All of the depositions were designated as confidential on the record. But to highlight just a few of the designations, see the following:

- **Maeder**: Designated as "Confidential" on the cover and the header of every page. See Atkin 259:19-260:3.

- **Atkin**: 259:19-260:3; also designated as "Confidential - Pursuant to Protective Order" on the cover and the header of every page.
      **Pope**: One other thing, while we're on the record Steve. I can't remember exactly how the protective order reads, but I would like to - I would like to designate these two depositions [Atkin and Maeder] as confidential because there's a lot of - -
      **Tillery**: We were assuming that.
      **Pope**: Okay. I don't think we did that on the record, so yesterday's deposition and today will be covered by the protective order because there's confidential business information being discussed.

- **Meili**: 6:10-11 (Mr. Tillery asks Ms. Quarles to leave the deposition, stating "It's just that the depositions are about confidential topics.")

Ms. Christie Deaton
March 22, 2011
Page 2 of 6

- **Quarles**: 153:22-23; also designated as "Confidential" on the cover and the header of every page.

- **Hertl**: 218:1-2 ("By the way, this deposition, **as they all have been**, is confidential under our protective order."); also designated as "Confidential" on the cover and the header of every page.

- **Hawkins**: 232:3-5; also designated as "Confidential - Pursuant to Protective Order" on the cover and the header of every page.

- **Drost**: 186:17-20; "I just ask that, <u>as has been done with the other depositions</u>, that the deposition transcript and videotape be marked as confidential pursuant to the protective order;" also designated as "Confidential - Pursuant to Protective Order" on the cover and the header of every page.

- **Fogden**: 127:12-15; also designated as "Confidential - Pursuant to Protective Order" on the cover and the header of every page.

- **Stypa**: 88:7-10; also designated as "Confidential" on the cover and the header of every page.

- **McFarland**: 175:24-176:1; also designated as "Confidential" on the cover and the header of every page.

Furthermore, with respect to these depositions, Mr. Tillery and I engaged in the following e-mail exchange regarding the Confidentiality of thee depositions pursuant to the *Greenville* Protective Order:

"**From:** Tillery, Stephen
**Sent:** Thursday, March 03, 2011 3:29 PM
**To:** 'Pope, Michael'; kreeg; msurprenant
**Subject:** HSSD filings - Greenville Protective Order [KT-IWKT01.FID7884]

Counsel,

*Pursuant to paragraph 7 of the Protective Order entered by Judge Frazier on October 5, 2010*, plaintiffs hereby *request permission to file, under seal* (emphasis added), the following depositions taken in Greenville, et al. v Syngenta Crop Protection, inc., et al.:

1. Deposition of Jason Fogden taken Thursday, November 11, 2010
2. Deposition of Tobias Meili taken October 26, 2010
3. Deposition of Elizabeth Quarles taken on October 27, 2010

Ms. Christie Deaton
March 22, 2011
Page 3 of 6

4. Deposition of Jon Atkin taken October 15, 2010
5. Deposition of Christoph Maeder taken October 14, 2010

Portions of these deposition transcripts will be offered into evidence in support of plaintiffs' motions regarding subsidiary access to documents and databases located off shore. Please let me hear from you at your convenience.

**Stephen M. Tillery**
**Korein Tillery, LLC"**

The response by me to Mr. Tillery was as follows:

"**From:** Kurtis Reeg
**Sent:** Wednesday, March 16, 2011 4:45 PM
**To:** Tillery, Stephen
**Cc:** Pope, Michael; Mark Surprenant; Deaton, Christie
**Subject:** Re: HSSD filings - Greenville Protective Order [KT-IWKT01.FID7884]

Steve:

We don't have any objection to you *filing them under seal* (emphasis added), but reserve our objections raised therein and otherwise as we deem appropriate at the hearing.
Thanks. K"

Mr. Tillery replied:

"**From:** Tillery, Stephen [mailto:STillery@KoreinTillery.com]
**Sent:** Wednesday, March 16, 2011 6:03 PM
**To:** Kurtis Reeg
**Cc:** Pope, Michael; Mark Surprenant; Deaton, Christie
**Subject:** RE: HSSD filings - Greenville Protective Order [KT-IWKT01.FID7884]

Please confirm this applies to all taken—I think we may want to file Peter Hertl's as well. Thanks."

Syngenta's counsel again responded:

"**From:** Kurtis Reeg
**Sent:** Wednesday, March 16, 2011 6:31 PM
**To:** Tillery, Stephen
**Cc:** Pope, Michael; Mark Surprenant; Deaton, Christie
**Subject:** Re: HSSD filings - Greenville Protective Order [KT-IWKT01.FID7884]

Ms. Christie Deaton
March 22, 2011
Page 4 of 6

**Same position** as to Peter Hertl's deposition (emphasis added). Just let us know which ones you are submitting. Thanks. K"

HSSD and its counsel also demonstrated the confidential nature of the *Greenville* jurisdictional depositions by addressing with the court reporting company involved the secure transmission of the deposition transcripts:

**From:** "Tillery, Stephen" <STillery@KoreinTillery.com>
**Date:** October 13, 2010 11:16:20 AM CDT
**To:** "Pope, Michael" <mpope@mwe.com>
**Subject: Fw: Brussels depositions [KT-IWKT01.FID106257]**

Mike- here is your response.
Sent from my BlackBerry Wireless Handheld

---

**From:** Brown, Jerry
**To:** Tillery, Stephen
**Sent:** Wed Oct 13 11:07:44 2010
**Subject:** Fw: Brussels depositions [KT-IWKT01.FID106257]

Response about security concerns.
------------------------------
JB's BlackBerry

---

**From:** brandon.haskins@thomsonreuters.com <brandon.haskins@thomsonreuters.com>
**To:** Brown, Jerry
**Cc:** kathryn.filley-brown@thomsonreuters.com <kathryn.filley-brown@thomsonreuters.com>; b.lee@thomsonreuters.com <b.lee@thomsonreuters.com>
**Sent:** Wed Oct 13 10:57:35 2010
**Subject:** RE: Brussels depositions [KT-IWKT01.FID106257]

Hello Jerry,

The LiveNote Stream service is protected by several layers of security, designed to make sure that only authorized users have access to Video and Transcript streams. I have outlined the major features below:

- Users must be authenticated through a secure login to our servers before gaining access to a session.

Ms. Christie Deaton
March 22, 2011
Page 5 of 6

- The same username and password cannot be used to access more than one stream at a time.
- When connecting, users see a list of only the stream sessions that they have access to.
- LiveNote text stream connections are encoded using 128-bit RSA encryption, preventing access from anyone not authenticated by LiveNote's servers.
- The video stream connections are secured using time-based tokens, also preventing access from anyone not authenticated by LiveNote's servers.

If you have any other questions, please let us know.

Thank you,
Brandon

**Brandon Momblan Haskins** | Video Production Coordinator
**Westlaw Deposition Services, A Thomson Reuters Business**
**Toll Free** 1.800.548.3668   **Direct** 415.632.4730   **Fax** 415.618.0743"

Syngenta also notes with interest Plaintiffs' failure to respond to the following inquiry by your opposing counsel regarding these same depositions:

"**From:** Schutzel, Peter [mailto:PSchutzel@mwe.com]
**Sent:** Thursday, March 17, 2011 11:56 AM
**To:** STillery@KoreinTillery.com
**Cc:** Pope, Michael; Kurtis Reeg
**Subject:** Deposition Excerpts

Steve:

Would you please forward me the cites to the portions of the deposition transcripts you intend to submit to the Court in support of plaintiffs' motions regarding subsidiary access to documents and databases located off shore.

Thanks.
Peter M. Schutzel
**McDermott Will & Emery LLP**"

It is clear that Holiday Shores and its counsel were always advised and aware that all of the *Greenville* depositions taken by Plaintiff were designated Confidential and subject to the Protective Order entered in that case. The transcripts reflect that fact, Plaintiffs' counsel words on the record reflect the same knowledge and understanding, and Plaintiffs' actions to date likewise demonstrate the understanding and treatment of each and every one of these transcripts as Confidential.

Ms. Christie Deaton
March 22, 2011
Page 6 of 6

Syngenta views your letter of March 21, 2001, as an attempt to waste the time, energy and expense of Syngenta and its counsel on a matter where there clearly is no real dispute. You will also recall that the record reflects this is not the first time HSSD has attempted to arbitrarily de-designate certain information as Confidential and subject to a Protective Order:

Syngenta is putting HSSD and its counsel on notice, again, that it has already designated and continues to designate all of the following transcripts as Confidential and subject to the Protective Order in the *Greenville* case:

Christoph Mader;
John Atkin;
Tobias Meili;
Elizabeth Quarles;
Peter Hertl;
Vern Hawkins;
Dirk Drost;
Jason Fogden;
Marian Stypa; and
Janis McFarland.

Your efforts to unilaterally attempt to de-designate the confidential and protected status of the aforesaid depositions are flatly rejected by Syngenta. You and your client are hereby put on notice that if HSSD or its counsel de-designate the confidentiality and protected status of these depositions in any way, or place any of these transcripts, or the information contained therein, in the public domain, in any fashion, whether by filing the same not under seal in the court file, by reading from them in any open court proceeding, by blogging commentary on the worldwide web, or otherwise, Syngenta will take all appropriate measures through the Madison County Circuit Court and/or the United States District Court for the Southern District of Illinois in response to such actions.

We anticipate your expected cooperation. Have a nice day.

Yours very truly,

Kurtis B. Reeg

Cc:   Mr. Mike Pope
      Mr. Chris Murphy
      Mr. Peter Schutzel
      Mr. Mark Surprenant