IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, *et al.*, ) <br> ) <br> Individually and on behalf of all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SYNGENTA CROP PROTECTION, INC., ) <br> and SYNGENTA AG, ) <br> ) <br> Defendants. ) | Case No. 10-cv-188-JPG |

### ORDER TO SHOW CAUSE

This matter comes before the Court on the plaintiffs' response (Doc. 120) to the Court's December 21, 2010, order to show cause (Doc. 119) why their motion to strike (Doc. 114), its exhibits (Doc. 115), their motion to substitute (Doc. 116), and their substitute motion (Doc. 121) should not be unsealed.  The plaintiffs state that they have filed the documents under seal because they were required to do so by a protective order entered by Magistrate Judge Frazier (Doc. 90).  That protective order defines "Confidential Information" broadly and they say it requires any filing of "Confidential Information" to be under seal.  The defendants (Doc. 126) have no objection to unsealing the original motion to strike (Doc. 114), the motion to substitute motion (Doc. 116) and the substitute motion (Doc. 121), but they object to unsealing exhibits to those motions (Docs. 112 & 115).  They also fault the plaintiffs for failing to object to the defendants' designations of "Confidential Information" using the process in the protective order.  The plaintiffs have also filed a number of other documents under seal (Docs. 112, 127, 128 & 134).

As a preliminary matter, the parties misstate the protective order. The order was designed to facilitate the exchange of information during the non-public discovery phase of litigation, not to limit what can be filed in the public record. Protective Order, Doc. 90 at 1. By its own terms, it governs "the use and dissemination of all information, documents or materials that are produced in this action and designated as Confidential *during the discovery phase of this litigation.*" *Id.* at ¶ 1 (emphasis added). It does not purport to apply at any stage of litigation other than discovery, and, indeed, specifically states that it "does not govern the use of Confidential Information at trial or in connection with dispositive motions." *Id.* at ¶ 18. Furthermore, far from requiring "Confidential Information" to be maintained under seal, it provides only that if items are filed under seal, they "must be accompanied by separate motion showing good cause," *id*. at 1, and if "Confidential Information" is contained in a sealed Court filing, the sealed status must be justified within fourteen days of its filing, *id.* at ¶ 9. Neither party has complied with these directives. So, in a nutshell, the protective order entered by Magistrate Judge Frazier provides no cover for parties filing materials under seal in connection with dispositive motions without proffering the appropriate justification.

The secrecy the parties chose to maintain among themselves is one matter; the secrecy they would like to impose upon public Court records is another. As the Court noted in its order to show cause, judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996); *cf. Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). There is a common law right of access to documents filed in litigation. *Methodist Hosps.*, 91 F.3d at 1031; *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978). "Public scrutiny over the

court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." *Grove Fresh*, 24 F.3d at 897; *see generally Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). "Though its original inception was in the realm of criminal proceedings, the right of access has since been extended to civil proceedings because the contribution of publicity is just as important there." *Grove Fresh*, 24 F.3d at 897. The common law holds that "court files and documents should be open to the public unless the court finds that its records are being used for improper purposes." *Id.*

In addition to this common law right of access to court documents, there is a constitutional right of access to court records. *Id.* at 897; *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982). "The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." *Grove Fresh*, 24 F.3d at 897 (internal quotations omitted). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Grove Fresh*, 24 F.3d at 897 (quoting *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). For example, a court may seal records to protect trade secrets or other kinds of information deserving of long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see Nixon*, 435 U.S. at 598 (to protect business information that could harm litigant's competitive standing). "[W]hen a court finds that the presumption of access has been rebutted by some countervailing interest, that 'interest is to be articulated along with findings specific enough that a reviewing court can determine whether the

3

closure order was properly entered.'" *Grove Fresh*, 24 F.3d at 898 (quoting *Press Enterp.*, 464 U.S. at 510).

It is clear that some of the materials filed under seal should not be. For example, Exhibit 12 to the plaintiffs' response to Syngenta AG's motion to dismiss for lack of personal jurisdiction is a media release (Doc. 112-3). The notion that a notice designed to reach the public is worthy of protection is hogwash. The Court will not tolerate such documents being withheld from the public view.

Because it is clear from the parties' filings that the defendants are the parties interested in maintaining the secrecy of the sealed documents, the Court **ORDERS** the defendants to **SHOW CAUSE** on or before May 13, 2011, why the Court should not unseal every document in this case that has been filed under seal (Docs. 112, 114, 115, 116, 121, 127, 128 & 134).[1] The response must address each sealed document individually and must set forth a justification, with citation to relevant authority, for maintaining each currently sealed document under seal. The plaintiffs may respond to the defendants' response within ten days of its filing. If the defendants fail to respond or fail to carry their burden of justifying suppression of a document, the Court may unseal it without further notice or opportunity to be heard.

**DATED:  April 19, 2011**
**IT IS SO ORDERED.**

s/J. Phil Gilbert
**Judge J. Phil Gilbert**

---

[1] In the event there are documents the plaintiffs wish to remain under seal, they may submit justification for sealing those documents and the defendants may respond using the same parameters set forth in the body of this order.