IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS *et al*, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 10-188-JPG |
| v. ) ) | |
| SYNGENTA CROP PROTECTION, LLC and SYNGENTA AG, ) ) ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE
TO COURT'S ORDER TO SHOW CAUSE**

On April 19, 2011, this Court ordered Defendants to show cause why the Court should not unseal every document in the case that had been filed under seal. (Dkt. 170). Defendants agree with the Court that the court file has materials filed under seal that should not have been. Many of these documents, including the press release cited by this Court (Dkt. 170 at 4, citing Dkt. 112, Ex. 12), should never have been filed under seal by Plaintiffs because they were not designated as "Confidential" by Defendants. Most of the remaining documents that were filed under seal by Plaintiffs and actually designated as "Confidential" by Defendants should not have been filed in the court file at all because they were never actually cited in the briefs to which they were attached as exhibits. Rather than unsealing these documents and releasing Defendants' confidential business information to the public, however, Defendants request that the Court strike the approximately 250 unnecessary and duplicative documents filed under seal by Plaintiffs. (*See* Exhibit B). Regardless, Defendants have complied with this Court's Order to Show Cause and provided a justification for the confidentiality of all of the documents which should remain under seal, whether or not stricken. (Exhibit A).

## BACKGROUND

On April 19, 2011, this Court ordered Defendants to show cause why the Court should not unseal every document in the case that had been filed under seal. (Dkt. 170). Documents 112, 114, 115, 116, 121, 127, 128 and 134 of the Court file were filed under seal. Document 112 is Plaintiffs' Response to Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 112). Plaintiffs attached to that response brief 365 separate exhibits, apparently on the basis that those exhibits supported their response. A review of that brief, however, demonstrates that only a small fraction of the exhibits that are actually referred to by Plaintiffs in their brief were designated as "Confidential" under the Protective Order. In other words, most of the exhibits Plaintiffs filed under seal were either not designated "Confidential" or were not cited in Plaintiffs' briefs.

As stated in its previously filed Reply to Plaintiffs' Response to the Court's Order to Show Cause (Dkt. 126), Defendants have no objection the unsealing of Plaintiffs' original motion to strike (Dkt. 114), Plaintiffs' motion to substitute the motion to strike (Dkt. 116), or Plaintiffs' substitute motion to strike (Dkt. 121). Similarly, Defendants have no objection to the unsealing of Syngenta AG's Response to Plaintiffs' Motion to Strike (Dkts. 127, 128)[1] or Syngenta AG's Reply in Support of Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 134). Defendants, however, would be severely prejudiced if the exhibits properly designated as confidential in Dkts. 112 and 115 were unsealed.

---

[1] Due to a filing error, Syngenta AG's original response to Plaintiffs' motion to strike (Dkt. 127) was stricken by the Court (Dkt. 129) and replaced with an identical response to Plaintiffs' motion to strike (Dkt. 128).

## ARGUMENT

I. Plaintiffs Should Be Held Accountable for Abusive and Unnecessary Filing of Documents Under Seal

The Court's frustration with the size and content of documents filed under seal is well-founded. More frustrating is that this situation could have been avoided had Plaintiffs acted in good faith. By filing under seal documents that were not designated as confidential, were duplicative, or were not even cited or referenced in any filing, Plaintiffs have wasted the Court's and Defendants' time and resources.

First, Plaintiffs filed dozens of documents under seal that were not designated as confidential by any party. Included among these non-designated documents is Exhibit 12 to Plaintiffs' Response to Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 112, Ex. 12). The Court specifically identified this document in its Order to Show Cause and stated that filing such a document under seal is "hogwash." (Dkt. 170 at 4). Defendants agree, which is why Exhibit 12, a press release, was not designated as confidential by Defendants. Despite not being designated as confidential by any party, however, Plaintiffs inexplicably filed Exhibit 12 under seal. (Dkt. 112, Ex. 12). Indeed, there were numerous other exhibits that were never designated as confidential by Defendants yet were filed under seal by Plaintiffs that should also be characterized as "hogwash," including:

- Another press release (Ex. 16);
- Syngenta's publicly available shareholder Annual Reports (Exs. 17, 41), Financial Report (Ex. 270), and Corporate Governance Report (Ex. 318);
- Syngenta AG's publically available SEC filings (Exs. 47, 325);
- Print-outs from Syngenta's internet website (Exs. 334, 335, 336);
- Syngenta Crop Protection, LLC's Interrogatory Responses in this case (Ex. 345)
- A Syngenta Crop Protection, LLC employee's public "Linkedin" webpage (Ex. 351);
- Syngenta Crop Protection LLC's Privilege Log in this case (Ex. 352); and
- Syngenta Crop Protection LLC's Control Group List in this case (Ex. 353).

(Dkt. 112). Defendants have no objection to the unsealing of these documents, or any of the other exhibits filed by Plaintiffs under seal that were not designated as confidential (See Exhibit A)[2], and question why Plaintiffs filed them under seal in the first place.

Plaintiffs also filed duplicate, identical documents under seal. (See Dkt. 112, Exs. 106 & 107; Exs. 161 & 162; Exs. 268 & 269; Exs. 289, 290 & 291; Exs. 294, 295 & 296). Plaintiffs can hardly claim that this unnecessary duplication of filings under seal was inadvertent since, in every such instance, the duplicate documents were consecutive exhibits. In addition, while Document 115 of the Court file purports to be additional exhibits to Plaintiffs' response to Syngenta AG's Motion to Dismiss (Dkt. 112), the exhibits submitted under seal in Document 115 are duplicates of same exhibit numbers submitted under seal in Document 112. (*Compare* Dkt. 112, Exs. 338-348 *with* Dkt. 115, Exs. 338-348).

Finally, and perhaps most troubling, the Plaintiffs filed <u>hundreds</u> of documents under seal that they never cited or referred to in any court papers. (Exhibit A). Plaintiffs filed 365 documents under seal, yet referenced only 123 exhibits to support factual assertions in their papers filed under seal. The remaining 242, or approximately two-thirds, of the documents Plaintiffs filed under seal have never been cited or relied upon in any brief by any party.[3] Obviously, these documents never should have been filed in the first place.

---

[2] Attached as Exhibit A is a spreadsheet listing all of the exhibits, by number, Plaintiffs filed under seal in this case. Each of these exhibits was submitted concurrently with Plaintiffs' Response to Syngenta AG's Motion to Dismiss for Lack of Personal Jurisdiction. In subsequent filings, the parties referred to these exhibits rather than re-filing duplicates under seal (not including, as detailed above, the duplicates Plaintiffs filed at the outset). The second column of Exhibit A lists, by docket number, the court filing, if any, which refers to the exhibit. The third column of Exhibit A lists whether the exhibit was initially designated as confidential under the protective order.

[3] Plaintiffs may claim that each of the nearly 250 exhibits they did not cite was properly filed under seal because each was individually referenced in Exhibit 1, which Plaintiffs claim is a summary of evidence pursuant to Federal Rule of Evidence 1006. (Dkt. 112 at 3, fn. 1). Federal Rule of Evidence 1006, however, does not require that the materials summarized be submitted to the court. Quite the contrary, Rule 1006 provides that the materials be produced in court by order of the court. There is nothing that requires or envisions a party summarizing documents that are being filed with the court - which would seem to defeat the purpose of a Rule 1006 summary in the first

(continued...)

Syngenta has a very real concern that Plaintiffs' excessive and unnecessary filing of documents under seal was a premeditated scheme designed to exert pressure on Syngenta by pressuring the Court to unseal the court file, and thereby disclose Syngenta's confidential information to the public. Syngenta's concern - - that Plaintiffs may have filed hundreds of documents in the public record for the sole purpose of obtaining an order unsealing them - - is not unprecedented. In *Walker v. Gore,* 2008 WL 4649091 (S.D. Ind. Oct. 20, 2008), plaintiffs attached confidential contracts to their complaint which they filed under seal but informed the court that they were not interested in keeping the contracts under seal. The defendants responded by arguing that plaintiffs "should not be able to avoid the effects of the confidentiality agreement by filing the lawsuit in a public court…." *Id.* at 1. The court recognized that the plaintiffs may have wanted the documents unsealed by court order because they "wanted to use the prospect of public disclosure to put pressure on defendants, but wanted to reduce the risk of damages for breaching the confidentiality promises." *Id.* at 2.

This is precisely what Plaintiffs have attempted here. As the Court correctly notes in its Order to Show Cause (Dkt. 170 at 2), the Protective Order requires that items filed "under seal must be accompanied by a separate motion showing good cause to exclude the materials from the public record." (Dkt. 90 at 1). Here, Plaintiffs attached hundreds of exhibits to their response to Syngenta AG's Motion to Dismiss, and filed them under seal. Despite filing these documents under seal, and therefore in technical compliance with Paragraph 9 of the Protective Order, Plaintiffs failed to separately support their filing as required by the Protective Order. As was the case in *Walker*, Plaintiffs' tactics have the effect of filing documents under seal, but informing the Court that they are not interested in keeping the documents confidential. *See*

---

place. Regardless, the fact that Plaintiffs listed each exhibit in Exhibit 1 is meaningless because the exhibits were not referred to anywhere in the brief itself.

*Walker*, 2008 WL 4649091 at *1. This Court, like the court in *Walker*, should not condone such practices as it would be fundamentally unfair to permit Plaintiffs to circumvent the terms of the Protective Order by filing unnecessary exhibits under seal and then failing to properly support their submission, resulting in the release of Syngenta's confidential business information to the public. If Plaintiffs believed that certain information was wrongfully designated as confidential, they should have followed the terms of the Protective Order allowing for objections to confidentiality designations (Dkt. 90 at ¶ 12), rather than burdening the Court and Defendants with their excessive and unnecessary sealed filings.

Accordingly, Syngenta requests that duplicate exhibits and exhibits that were not cited by Plaintiffs in any filing be stricken and removed from the court file. (See Exhibit A). Striking such superfluous documents would serve the dual purpose of removing the unnecessary materials from the Court file, while at the same time maintaining Syngenta's interests in protecting its trade secrets and confidential business information.

II.     To the Extent Documents Filed Under Seal by Plaintiffs were Cited and Designated Confidential, They Should Remain Under Seal

To the extent documents filed under seal by Plaintiffs were actually cited in court filings and designated confidential under the terms of the Protective Order, Defendants respectfully request that they remain under seal to prevent the public disclosure of Syngenta's confidential business information. In response to the Court's Order to Show Cause, Defendants have done a second confidentiality review of each of the 365 exhibits submitted by Plaintiffs (regardless of whether the exhibits were used to support any filing). Upon further review, Defendants have no objection to certain documents previously designated as confidential being de-designated and

unsealed. (Exhibit A).[4] For those exhibits containing confidential information, however, Defendants have set forth a justification for maintaining that document under seal. Each of those justifications falls within a category of information that courts have held warrant filing under seal. *See Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, 2009 U.S. Dist. LEXIS 105078, at *3 (E.D. Wisc. Oct. 22, 2009) (holding that good cause exists to seal emails regarding regulatory compliance and strategies, and product development information); *Swartz v. Wabash Nat'l Corp.*, 2009 U.S. Dist. LEXIS 47969 (N.D. Ind. June 8, 2009) (holding that good cause exists to seal information on organizational structure, employee assessments and employee compensation); *Metavante Corp. v. Emigrant Savings Bank*, 2008 U.S. Dist. LEXIS 89584, at *26-27 (E.D. Wisc. Oct. 24, 2008) (granting the defendant's motion for leave to file exhibits under seal when the documents contained trade secrets, nonpublic financial information, and nonpublic business information, including pricing, business plans and strategies).

---

[4] These revised confidentiality designations are listed in the fourth column of Exhibit A.

## **CONCLUSION**

This Court should strike the duplicative and superfluous exhibits filed by Plaintiffs under seal (Exhibits A, B) and vacate its Order to Show Cause why certain materials filed by Plaintiffs should not be unsealed. (Dkt. 170).

Dated: May 13, 2011                              Respectfully submitted,

By:   /s/ Michael A. Pope
Michael A. Pope, P.C.
Christopher M. Murphy
Todd R. Wiener
**McDERMOTT WILL & EMERY LLP**
227 West Monroe Street
Chicago, IL  60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
mpope@mwe.com

Kurtis B. Reeg, ARDC #3126350
**REEG LAWYERS, LLC**
1 North Brentwood Blvd., Suite 950
St. Louis, MO  63105
Telephone:  (314) 446-3350
Facsimile:  (314) 446-3360
kreeg@reeglawfirm.com

Mark C. Surprenant (admitted pro hac vice)
Lara E. White (admitted pro hac vice)
**ADAMS AND REESE LLP**
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

*Attorneys for Syngenta Crop Protection, Inc. and Syngenta AG*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's CM/ECF system, this 13th day of May, 2011 to:

| | |
|---|---|
| Stephen M. Tillery<br>Christie R. Deaton<br>Christine J. Moody<br>Michael E. Klenov<br>Korein Tillery, L.L.C.<br>U.S. Bank Plaza<br>505 North 7th Street<br>Suite 3600<br>St. Louis, MO 63101<br>Telephone: (314) 241-4844<br>Facsimile: (314) 241-3525 | Scott Summy<br>Celeste Evangelisti<br>Baron & Budd, P.C.<br>3102 Oak Lawn Avenue<br>Suite 1100<br>Dallas, TX 75219<br>Telephone: (214) 521-3605<br>Facsimile: (214) 520-1181 |
| Patricia S. Murphy<br>Murphy Law Office<br>P.O. Box 220<br>Energy, IL 62933-0020<br>Telephone: (618) 964-9640<br>Facsimile: (618) 964-1275 | |
| | By:   /s/ Michael A. Pope |

DM_US 28478167-1.086764.0011