# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, *et al.*, | ) |
| Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 10-cv-188-JPG |
| SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendants' response (Doc. 182) to the Court's April 19, 2011, order to show cause (Doc. 170) why the Court should not unseal every document in this case that has been filed under seal (Docs. 112, 114, 115, 116, 121, 127, 128 & 134). The Court also considers the plaintiffs' reply to the defendants' response (Doc. 183) and the briefing on the motion of Environmental Law and Policy Center ("ELPC") and Prairie Rivers Network ("Prairie Rivers") to intervene in this case for the purpose of gaining access to the sealed documents (Docs. 159, 160, 172 & 173).

### I. Sealed Documents

In a prior order, the Court set forth the general legal principles governing the decision to seal documents from public view; it need not reiterate them here. In light of those principles, the defendants offer a variety of reasons for determining the proper sealed status of documents currently under seal:

- Documents not designated or improperly designated as "Confidential" may be unsealed;

- Documents not cited in the briefs should not have been filed at all and should be stricken; and

- Valid reasons exist for maintaining the sealed status of some documents such as, for example, that they contain confidential business information such as trade secrets, nonpublic financial information, personal information regarding non-parties.

The plaintiffs argue that the defendants' response is insufficient and urges the Court to unseal the entire file. Alternatively, it argues that under established case law, there is no justification for sealing

1. <u>Non-Confidential Documents</u>

The defendants agree that the following documents should be unsealed because they are not confidential: Exs. 4-5, 10, 12, 17, 29, 37, 47, 54, 68, 71, 117, 119, 165, 169, 193, 196, 219, 224, 228, 232, 288-293, 318, 325, 330, 332, 334, 338, 345, 364 to Doc. 112; Doc. 114; Doc. 116; Doc. 121; Doc. 127; Doc. 128; and Doc. 134. The Court will not keep those documents from public view.

2. <u>Extraneous Documents</u>

The following documents were not cited in the briefs which with they were submitted: Exs. 14-16, 18, 20-22, 24, 26-27, 30, 33-35, 38-39, 41-46, 48,50-53, 55, 56, 61-67, 70, 72-78, 80-94, 96-101, 103-106, 108-115, 118, 120-122, 124-133, 135-137, 139-143, 145, 147-151, 153-156, 160-164, 166, 168, 171-174, 177-180, 183-184, 186, 188-191, 200-201, 203-206, 208, 210-216, 220-221, 227, 230, 233-237, 239-240, 242-248, 250-254, 256-271, 276-277, 279-287, 297, 299, 305, 307-317, 319-321, 323-324, 326-327, 331, 335-337, 340-344, 347, 349-356, 362 to Doc. 112; and Exs. 338-348 to Doc. 115.

Because these documents were not cited in the parties' briefs, the Court will not consult them in making its rulings in this case. It is the parties' burden to point the Court to relevant evidence, and the Court will not look for it in the exhibits on its own. "District judges are not

archaeologists. They need not excavate masses of papers in search of revealing tidbits – not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Northwestern Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994). As a consequence, these documents can shed no light on the functioning of the Court and the basis for its decisions in this case; public disclosure will serve no purpose. Accordingly, these documents will not be made public and will remain under seal.

   3. Other Documents

The defendants argue that a number of documents should remain under seal despite their relevance to the decisions in this case: Doc. 112; and Exs. 1-3, 6-9, 11, 13, 19, 23, 25, 28, 31-32, 36, 40, 49, 57-60, 69, 79, 95, 102, 107, 116, 123, 134, 138, 144, 146, 152, 159, 167, 170, 175-176, 181-182, 185, 187, 192, 194-195, 197-199, 202, 207, 209, 217-218, 222-223, 225-226, 229, 231, 238, 241, 249, 255, 272-275, 278, 294-296, 298, 306, 322, 328-329, 333, 339, 346, 348, 357-361, 363, 365 to Doc. 112.

With respect to exhibits 2, 3, 6-9 and 11, all of which are deposition transcripts, the defendants ask that only certain parts of the depositions be redacted. The remainder of the depositions will therefore be unsealed.

With respect to the remainder of the documents, including the redacted portions of the depositions, the Court is reviewing the documents to determine if the defendants have carried their burden of justifying maintaining the material under seal.

   4. Method of Unsealing

The Court **DIRECTS** the Clerk of Court to unseal Documents 114, 116, 121, 127, 128 and 134.

As for the exhibits to Document 112 (including those at Document 115), the Court's Electronic Case Filing system does not allow unsealing of portions of attachments to documents. Thus, it is not possible for the Court to unseal the documents relating to Document 112 as they are currently filed. However, to achieve the result sought by the foregoing rulings, the Court **ORDERS** the plaintiffs to electronically file on or before August 1, 2011, the following documents without placing them under seal: Exs. 4-5, 10, 12, 17, 29, 37, 47, 54, 68, 71, 117, 119, 165, 169, 193, 196, 219, 224, 228, 232, 288-293, 318, 325, 330, 332, 334, 338, 345, 364 to Doc. 112. The Court **FURTHER ORDERS** the defendants to electronically file on or before August 1, 2011, the following documents without placing them under seal but with redactions as requested by the defendants: Exs. 2, 3, 6-9 and 11 to Doc. 112. The documents shall be electronically filed using the event "Supplement" and linked to the response at Document 112.

## II. Intervention

ELPC and Prairie Rivers, two not-for-profit organizations, ask the Court to intervene in this case pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of asserting the public's right of access to sealed documents. They are not-for-profit organizations based in Illinois and are concerned with protecting the environment and environmental health, including in and around bodies of water that may be affected by the atrazine run-off alleged in this case.

Syngenta Crop Protection, Inc. ("SCP") opposes intervention on the grounds that the Court has already addressed the issue of the proper public access to documents in the court file, that ELPC and Prairie Rivers do not actually represent the public's interest, and that the Court has already determined confidentiality is proper by entering the Protective Order.

Rule 24(b)(1)(B) provides for permissive intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." "[T]his language is

broad enough to encompass a third-party challenge to a protective order even though it is not a neat fit." *Bond v. Utreras*, 575 F.3d 1061, 1070 (7th Cir. 2009) (citing *Jessup v. Luther*, 227, F.3d 993, 998 (7th Cir. 2000)). Indeed, the law is clear that "members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view." *Bond*, 575 F.3d at 1073 (citing *Jessup*, 227 F.3d at 997). When deciding whether to allow permissive intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court will exercise its discretion to allow ELPC and Prairie Rivers to intervene in this case. While the Court is already addressing matters relating to the sealing of documents, it is doing so without vigorous adversarial briefing. It might benefit from the input of a third-party who has not agreed to the terms of the Protective Order, who has a greater interest than the plaintiffs in securing public access to court files and who can focus its efforts on the public access issue. Additionally, there is nothing substantive to suggest ELPC and Prairie Rivers are not interested in asserting the public's right of access to documents in the Court file, even those filed provisionally under seal pursuant to the Protective Order. Furthermore, intervention on this limited issue will not unduly delay the case or prejudice any party's rights.

For these reasons, the Court **GRANTS** ELPC and Prairie Rivers' motion for leave to intervene (Doc. 159) but **ORDERS** that the intervenors shall not be allowed access to sealed documents on the Court's Electronic Case Filing system. The intervenors may file on or before August 5, 2011, a response to the defendants' response (Doc. 182) to the Court's order to show cause (Doc. 170) outlining the scope of the exceptions to public access claimed by the defendants in their response. The intervenors shall also have the right to move for

reconsideration within ten days of any final decision made by the Court to seal a document (including the decision above regarding the extraneous documents) but are reminded that the documents currently under seal discussed in Section I.3 above are only sealed provisionally until the Court has an opportunity to review in detail those documents and the justifications for sealing offered by the defendants, as contemplated by the Protective Order.  The Court **REFERS** the intervenors' motion to vacate the protective order (Doc. 165) to Magistrate Judge Philip M. Frazier, who entered the original order.

**IT IS SO ORDERED.**
**DATED:  July 21, 2011**

s/J. Phil Gilbert
**Judge J. Phil Gilbert**