IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, et al., )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SYNGENTA CROP PROTECTION, INC., and )<br>SYNGENTA AG, )<br>)<br>)<br>Defendants. ) | Case No. 3:10-cv-188-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiffs' motion for leave to amend their complaint to add a count for declaratory relief regarding the right to reimbursement of future costs, to clarify that they seek to represent a class that includes only water providers that use surface water sources of raw water and to omit plaintiffs who have voluntarily dismissed their claims (Doc. 206). They claim the amendment will not require additional discovery because the new claim relies on theories already in the case and will not prejudice the defendants.

Syngenta Crop Protection, Inc. has responded to the motion (Doc. 219), arguing that the amendment to add a claim for declaratory relief would be futile because it could not withstand a motion to dismiss. It argues that the presence of atrazine in the plaintiffs' water in the future is too speculative to support declaratory relief and that any other claims are adequately covered by the existing claims in this case.

In reply (Doc. 223), the plaintiffs reiterate that they believe their claim for declaratory relief is proper.

Because the time for amendment as a matter of right has passed, whether the plaintiffs

should be allowed to amend their complaint is governed by Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that a plaintiff may amend his pleading only with the opposing parties' written consent, which the plaintiffs have not obtained, or leave of court, which the Court should freely give when justice requires. Although the text of the rule has changed in recent years, the rule still "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citing *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)). An amendment is futile if it would not survive a motion to dismiss for failure to state a claim, *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997), or a motion for summary judgment, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001).

It is not clear to the Court that the plaintiffs' proposed amendment would not survive a motion to dismiss or that amendment is otherwise contrary to the interest of justice. Accordingly, the Court **GRANTS** the motion (Doc. 206) without prejudice to the defendants'

right to challenge the new claim in a motion to dismiss and **ORDERS** that the plaintiffs shall have seven days from the date of this order to file their amended pleading.

**IT IS SO ORDERED.**
**DATED:  September 14, 2011**

                                             s/ J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**