IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Case No. 10-cv-188-JPG |
| | ) |
| SYNGENTA CROP PROTECTION, INC., and | ) |
| SYNGENTA AG, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on matters regarding sealing documents in this case.

**I.     Motion to Reconsider (Doc. 216)**

Intervenors Environmental Law and Policy Center and Prairie Rivers Network ask the Court for leave to file a motion to reconsider one day outside the ten-day time limit set by the Court. They attribute their delinquency to "technical difficulties with the Electronic Case Filing System." The Court accepts the late filing but warns the intervenors that it will not accept late filings in the future. It further advises their counsel to become familiar with their usernames, passwords and the proper methods of filing documents electronically and to consider filing documents sooner than the last day so they have time to seek assistance from the Court if necessary.

As for the intervenors' request to reconsider, they ask the Court to alter its July 21, 2011, order (Doc. 202) in which it declined to make public documents attached to the plaintiffs' response to defendant Syngenta AG's motion to dismiss but not cited therein (the "extraneous documents"). The Court explained that if the documents were not cited in the briefs, the Court

would not consider them in its ruling on the motion to dismiss, and their publication would shed no light on the functioning of the Court and the bases for its decisions.  The intervenors argue that the defendants have not provided good cause for keeping the extraneous documents under seal, as is required to justify sealing documents that are relevant to Court proceedings.  *See, generally, Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994). Defendant Syngenta Crop Protection, Inc. ("SCP") has responded to the intervenors' motion (Doc. 224).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The intervenors have not convinced the Court reconsideration of its prior ruling regarding maintaining the extraneous documents under seal is warranted.  The Court reiterates that it will not consider documents simply because they are in the file.  It is the plaintiffs' burden

to cite to their evidence and explain its relevance to the issue before the Court, and if they fail to do that, the Court will not consider the evidence. Had it been possible to strike the documents to remove them from the record, the Court would have done so. Unfortunately, this would have been an unwieldy task considering the limitations of the Electronic Case Filing system. If the Court were to unseal the extraneous documents simply because they were attached to the plaintiffs' response, the door would be open to unscrupulous litigants who seek advantage by threatening to file irrelevant confidential documents produced by their opponents. This would negate the value of legitimate protective orders and hinder the efficient production of documents during discovery. In sum, if the Court considers a document, it will order it unsealed unless there is a legitimate reason not to do so. The extraneous documents in this case shall remain under seal, and the Court **DENIES** the intervenors' motion to reconsider (Doc. 216).

II.     **Appeal of Magistrate Judge Decision (Doc. 225)**

The intervenors appeal Magistrate Judge Frazier's August 11, 2011, order (Doc. 220) denying their motion to vacate the protective order (Doc. 165). They believe the protective order is overbroad, does not explicitly allow challenges to documents the parties deem confidential, and does not establish good cause for filing documents under seal. SCP has responded to the appeal (Doc. 226), arguing that the protective order complies with the law and that, if there is any deficiency, the order should be amended, not vacated.

Magistrate Judge Frazier denied the intervenors' motion to vacate the protective order on the grounds that it is limited to the non-public discovery phase of this litigation, not the dispositive motion or trial phases. During those later, public phases, the protective order obligates the parties to justify sealing any documents they wish to keep from the public eye.

A district court reviewing a magistrate judge's decision on nondispositive issues should

only modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Magistrate Judge Frazier's decision is not clearly erroneous or contrary to law. The protective order entered in this case is not overbroad. It defines a defined category of confidential information and applies only to discovery proceedings, where there is no presumptive right of public access. *See Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009) ("[T]here is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public."). The protective order further need not provide an avenue for the public to object to matters deemed confidential at the discovery phase of litigation. Furthermore, the protective order requires a party wishing to maintain documents under seal to justify that secrecy by making the appropriate legal showing at or shortly after the time of filing.

The primary case relied on by the intervenors, *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), is inapposite. That case dealt with a protective order that was not limited to the pretrial discovery phase of the litigation and allowed parties to file documents under seal without justifying maintaining their secrecy. *Id.* at 944-45. In contrast, the protective order in this case is limited to the pretrial discovery phase and requires a separate justification for filing documents under seal. Accordingly, consistent with the protective order, the Court has unsealed certain documents which should not have been filed under seal, has taken under advisement the status of numerous other documents SCP seeks to maintain under seal, and has provided a mechanism for the intervenors to object to its

conclusions in this regard (Doc. 202).

For the foregoing reasons, the Court **AFFIRMS** Magistrate Judge Frazier's order (Doc. 220) denying the intervenors' motion to vacate the protective order and **OVERRULES** the intervenors' objection to that order (Doc. 225).

**IT IS SO ORDERED.**
**DATED:  September 16, 2011**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**