IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, *et al.*, ) | |
| ) | |
| Individually and on behalf of all others ) | |
| similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 10-cv-188-JPG |
| ) | |
| SYNGENTA CROP PROTECTION, INC., ) | |
| and SYNGENTA AG, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ENVIRONMENTAL LAW AND POLICY ) | |
| CENTER and PRAIRIE RIVERS ) | |
| NETWORK, ) | |
| ) | |
| Intervenors. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on various motions filed by intervenors the Environmental Law and Policy Center and Prairie Rivers Network.

**I.      Motion for an Extension of Time to File Notice of Appeal (Doc. 247)**

The Court first considers the intervenors' motion (Doc. 247) for an extension of time to file the notice of appeal of the Court's July 21, 2011, and September 16, 2011, orders (Docs. 202 & 231).  In the July 21 order, the Court unsealed non-confidential documents, allowed extraneous documents to remain under seal, and took under advisement whether certain other documents should remain under seal.  In the September 16 order, it declined to reconsider its decision to allow extraneous documents to remain under seal.  On October 17, 2011, the intervenors filed a timely (at least to the September 16 order) notice of appeal (Doc. 234), but that notice was stricken two days later because of a technical problem with its filing.  The

intervenors filed a new notice on October 20, 2011, beyond the 30-day deadline for filing a notice of appeal in a civil case set forth in Federal Rule of Appellate Procedure 4(a)(1)(A).

The intervenors now ask the Court for an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5). Under that provision, the Court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). If these conditions are met, the Court may extend the deadline to the longer of either (1) 30 days beyond the original 30-day period or (2) 14 days after the order granting the extension. Fed. R. App. P. 4(a)(5)(C). Even where both conditions are satisfied, the Court has discretion to grant or deny an extension. *See Garwood Packaging, Inc. v. Allen & Co.*, 378 F.3d 698, 700 (7th Cir. 2004).

The Court believes an extension is warranted. The intervenors filed their motion for an extension of time on October 27, 2011, within 30 days of the expiration of the original period. Additionally, their technical error in filing their original, timely notice of appeal amounts to excusable neglect. Accordingly, the Court **GRANTS** the motion for an extension of time to file the notice of appeal (Doc. 247) and **ORDERS** that the time to file a notice of appeal is extended to October 20, 2011, the date the new notice of appeal was filed. The new notice is therefore timely.

    II.    **Motion for Rule 54(b) Judgment (Doc. 238)**

The Court next considers the intervenors' motion (Doc. 238) for a judgment pursuant to Federal Rule of Civil Procedure 54(b) on the portions of the Court's July 21, 2011, and

September 16, 2011, orders they challenge in their notice of appeal.  Defendant Syngenta Crop Protection, LLC (misnamed in the complaint as Syngenta Crop Protection, Inc.) has responded to the motion (Doc. 249).

Rule 54(b) permits the Court to enter final judgment "as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." However, because the intervenors have filed a (now timely) notice of appeal on matters they ask the Court to consider in its motion for a Rule 54(b) judgment, the Court does not have jurisdiction to entertain the motion.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  For this reason, the Court **DISMISSES** the intervenors' motion for a Rule 54(b) judgment (Doc. 238).

**IT IS SO ORDERED.**
**DATED:  November 4, 2011**

                                             s/J. Phil Gilbert
                                             **Judge J. Phil Gilbert**