IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, et al., individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.: 3:10-cv-00188-JPG-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

- Aaron M. Zigler
- Albert Ettinger
- Brian A Fogerty
- C. Raymond Bell
- Carla Burke
- Celeste Evangelisti
- Charles Adam Cerise
- Christie R. Deaton
- Christine J. Moody
- Christopher A. Hoffman

- Christopher MacNeil Murphy
- David M. Stein
- Elizabeth A. Laughlin
- Holland Marie Tahvonen
- Howard A. Learner
- Jocelyn D. Francoeur
- John C. Craig
- Kurtis B. Reeg
- Lara E. White

- Mark C. Surprenant
- Michael A. Pope
- Michael E. Klenov
- Mitchell E. McCrea
- Patricia S. Murphy
- Peter M. Schutzel
- Scott Summy
- Stephen M. Tillery
- Todd R. Wiener

**KOREIN TILLERY**

/s Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri  63101-1625
Telephone: (314) 241-4844
Facsimile: (314) 241-3525
azigler@koreintillery.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, et al., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG,<br><br>Defendants. | Case No.: 3:10-cv-00188-JPG-PMF |

### DECLARATION OF MARTIN D. KERCKHOFF

I, Martin D. Kerckhoff, being first duly sworn upon my oath, depose and state as follows:

1. I certify that the statements set forth in this instrument are true and correct. I make the following statements based on my personal knowledge and if called, I could competently testify to the matters stated herein.

2. I am Divisional General Counsel and Secretary for the Central Division of American Water Works Company, Inc. ("American Water") and Deputy General Counsel – Operations for American Water. I am a member of the Board of Directors for each of Illinois-American Water Company ("Illinois-American"), Indiana-American Water Company, Inc. ("Indiana-American"), Iowa-American Water Company ("Iowa-American"), and Missouri-American Water Company ("Missouri-American"), the four wholly-owned subsidiaries of American Water that are plaintiffs in this case. At the time this case was filed, Ohio-American Water Company was a wholly-owned subsidiary of American Water and was named as a plaintiff in this case; however, the stock of Ohio-American Water Company was sold to another corporation before

the date of this declaration and Ohio-American Water Company is no longer a wholly-owned subsidiary of American Water.

3. American Water is the largest publicly traded water and wastewater utility company in the United States. It provides drinking water, wastewater and other related services to an estimated 15 million people in more than 30 states, as well as parts of Canada.

4. One of my responsibilities is retention and supervision of outside legal counsel.

5. American Water is a sophisticated purchaser of legal services. American Water has been involved in a number of legal matters and as a result has retained numerous law firms including: Bryan Cave, Barnes & Thornburg, and Jones Day.

6. At the time this case was filed, Illinois-American, Indiana-American, Iowa-American, and Missouri-American estimated that they had suffered millions of dollars of potential damages as the result of atrazine contamination.

7. However, it was also clear at the outset of this case that the risk of losing the case was high and that prosecution of the matter would be expensive. The case would require the retention of a number of expensive experts and consultants as well as expensive testing.

8. It was also clear to us at the outset that the complexity of the issues would also require representation with a high degree of legal skill. We knew of no other plaintiff that had previously prevailed in similar litigation. Defendants were expected to be formidable adversaries and were sure to be ably represented and with vast resources devoted to the defense of this suit.

9. Given these factors, Illinois-American, Indiana-American, Iowa-American, and Missouri-American believed the corresponding risk and expense of the litigation to be too great to justify paying on-going expenses and hourly rates.

10. Accordingly, we sought representation to pursue this action on a contingent basis, without the on-going payment of expenses. But given the complexity and uncertainty of the litigation, there are few law firms that would be capable and willing to undertake such representation.

11. Korein Tillery and Baron & Budd are both firms with a reputation for skill and experience in high-risk contingent litigation and agreed to take on the representation for an award of one-third of any recovery calculated after reimbursement of costs and expenses. This agreement was reached after arms'-length negotiation.

12. American Water did not believe that it could retain competent counsel in this matter for any less than an award of one-third of any recovery calculated after reimbursement of costs and expenses.

13. Illinois-American, Indiana-American, Iowa-American, and Missouri-American retained Korein Tillery and Baron & Budd to represent them in this matter. However, Illinois-American, Indiana-American, Iowa-American, and Missouri-American negotiated a contingent fee of one-third of any recovery calculated *after* reimbursement of costs and expenses.

14. Given the anticipated costs, this change would likely reduce the amount of any fee by millions of dollars. The terms of these agreements and the representation were reviewed by in-house counsel prior to execution.

15. In pursuing this action, our counsel incurred extensive expenses for which they will be seeking reimbursement from the common fund. I have reviewed counsel's expense summaries that will be submitted in connection with its motion for reimbursement. The expenses sought to be recovered include filing fees, court transcripts, PACER charges, expert witness fees, electronic legal research, photocopying, postage, and travel expenses. Counsel's expense sum-

maries contain the level of detail we would expect, and the expenses are of the type, that we would ordinarily reimburse to our outside counsel.

16. I declare under penalty of perjury that the forgoing is true and correct. Executed on Tuesday, July 31, 2012.

STATE OF MISSOURI     )
                      )
COUNTY OF ST. LOUIS   )

Verification

Martin D. Kerckhoff, being first duly sworn, deposes and states that he is familiar with the facts stated in this Declaration and that said facts are true and correct to the best of his knowledge, information and belief.

_____
Martin D. Kerckhoff

Subscribed and sworn to before me this 31st day of July, 2012.

_____
Notary Public

STACI A. OLSEN
Notary Public – Notary Seal
STATE OF MISSOURI
St. Charles County
Commission Number 09519210
My commission expires March 20, 2013

4