IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, et al., individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG,<br><br>    Defendants. | Case No.: 3:10-cv-00188-JPG-PMF |

## DECLARATION OF BOB L. PERICA

I, Bob L. Perica, being first duly sworn upon my oath, depose and state as follows:

1. I certify that the statements set forth in this instrument are true and correct. I make the following statements based on my personal knowledge and if called, I could competently testify to the matters stated herein.

2. I am a principal in the Perica Law Firm P.C. where I have practiced civil litigation for more than 29 years.

3. Since 1988, I have lived in the Holiday Shores Subdivision, which is provided water by the Holiday Shores Sanitary District. I also currently serve as legal counsel to the Holiday Shores Sanitary District.

4. When I first learned of the atrazine problem at Holiday Shores, I had several discussions with Attorney Roger Murphy who was then the Holiday Shores Sanitary District lawyer. We discussed what could be done and which law firm to hire to represent the District.

5. Holiday Shores Sanitary District estimated that it had suffered millions of dollars in damages as the result of atrazine contamination.

6. However, it was also clear at the outset of this case that the risk of losing the case was high and that prosecution of the matter would be expensive. The case would require the retention of a number of expensive experts and consultants as well as expensive testing.

7. Holiday Shores has a limited tax-base and an equally limited budget. Accordingly, Holiday Shores lacked the ability to pay counsel on an hourly basis, to pay on-going expenses or bear the risk of no recovery in this action.

8. It was also clear to Holiday Shores at the outset that the complexity of the issues would also require representation with a high degree of legal skill. Holiday Shores knew of no other plaintiff that has previously prevailed in similar litigation. Defendants were expected to be formidable adversaries and were sure to be ably represented and with vast resources devoted to the defense of this suit.

9. Holiday Shores did not believe that it could retain competent counsel in this matter for any less than an award of one-third of any recovery calculated after reimbursement of costs and expenses.

10. Both Roger Murphy and I had practiced law in Madison County, Illinois for over twenty-four years and were in agreement that Korein Tillery and Baron & Budd were the firms that would best represent the interest of the Holiday Shores Sanitary District.

11. Korein Tillery and Baron & Budd are both firms with a reputation for skill and experience in high-risk contingent litigation and agreed to take on the representation for an award of one-third of any recovery calculated after reimbursement of costs and expenses.

12. They were ultimately hired by the Board. Holiday Shores Sanitary District was represented in these negotiations through counsel and the resulting contract was approved and adopted by the its governing body.

13. Korein Tillery provided numerous attorneys and staff to work on this case since 2004. Stephen Tillery personally attended board meetings to provide the Sanitary District with periodic updates on litigation issues. Other Korein Tillery attorneys worked on discovery that required direct contact with employees of the Sanitary District on a frequent basis.

14. I attended numerous motion hearings in this litigation. The plaintiffs were always represented by Stephen Tillery and at least four other members of his firm. At every motion hearing a power point presentation was prepared and presented and each presentation included relevant factual material along with current and persuasive authority. These hearings sometimes lasted three to four hours.

15. I believe that the skill and expertise exhibited by Korein Tillery during these hearings made the defendants decide to settle this case. There was also information obtained through a grueling discovery process that also motivated the defendant to settle. One example of this type of information was the Jane Thompson public relations material. This material would not have been discovered but for the persistence of the Korein Tillery attorneys which I witnessed first-hand.

16. The Sanitary District is extremely pleased by the efforts and outcome of this litigation and are in support of these law firms receiving their entire fee and costs.

17. I do not know of any other firms that could have maintained eight years of payroll for attorneys and staff in addition to advancing the costs of litigation, including travel, on a contingency contract basis.

18. In pursuing this action, Class Counsel incurred extensive expenses for which they will be seeking reimbursement from the common fund. I have reviewed counsel's expense summaries that will be submitted in connection with its motion for reimbursement. The expenses sought to be recovered include filing fees, court transcripts, PACER charges, expert witness fees, electronic legal research, photocopying, postage, and travel expenses. Counsel's expense summaries contain the level of detail Holiday Shores would expect, and the expenses are of the type, that it would ordinarily reimburse to its outside counsel.

19. As a practicing lawyer, I am sometimes required to detail my time and expenses for reimbursement in connection with a verdict or settlement. Class Counsel's expense summaries contain the level of detail normally found in the industry and the expenses are of the type, that are ordinarily reimbursed in the industry.

20. I declare under penalty of perjury that the forgoing is true and correct. Executed on Wednesday, July 25, 2012.

_____
Bob L. Perica

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CITY OF GREENVILLE, et al., individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 3:10-cv-00188-JPG-PMF |
| vs. | ) ) | |
| SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG, | ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

- Aaron M. Zigler
- Albert Ettinger
- Brian A Fogerty
- C. Raymond Bell
- Carla Burke
- Celeste Evangelisti
- Charles Adam Cerise
- Christie R. Deaton
- Christine J. Moody
- Christopher A. Hoffman
- Christopher MacNeil Murphy
- David M. Stein
- Elizabeth A. Laughlin
- Holland Marie Tahvonen
- Howard A. Learner
- Jocelyn D. Francoeur
- John C. Craig
- Kurtis B. Reeg
- Lara E. White
- Mark C. Surprenant
- Michael A. Pope
- Michael E. Klenov
- Mitchell E. McCrea
- Patricia S. Murphy
- Peter M. Schutzel
- Scott Summy
- Stephen M. Tillery
- Todd R. Wiener

**KOREIN TILLERY**

/s Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri 63101-1625
Telephone:   (314) 241-4844
Facsimile:   (314) 241-3525
azigler@koreintillery.com