IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 10-188-JPG |
| ) | |
| SYNGENTA CROP PROTECTION, INC., and ) | |
| ) | |
| Defendants. ) | |

**Declaration of Thomas F. Crosby
in Support of Plaintiffs' Motion for Attorneys' Fees**

I, Thomas F. Crosby, being over 18 years of age and competent to testify, hereby make the following declaration pursuant to 28 U.S.C §1746 in support of Plaintiffs' Motion for Attorneys' Fees:

1. I am an attorney licensed to practice in the State of Illinois since 1981 and am in private practice as a partner/member of the law firm of Winters, Brewster, Crosby and Schafer, LLC, Marion, Illinois.

2. I graduated from Southern Illinois University School of Law in 1980. I practice as a member of the bar of the United States District Court for the Southern District of Illinois, the United States Court of Appeals for the Seventh Circuit (1986); the United States Court of Appeals for the Federal Circuit (2004) and have had the honor of serving on numerous occasions on a committees formed by the Chief District Court Judge for the Southern District of Illinois to review and redraft Rules of Federal Procedure in the United States District Court for the Southern District of Illinois and have served at the District Court's pleasure on selection and review committees for the appointment and retention of Magistrate Judges.

3. My practice is trial based in state and federal venues. The majority of cases I have

prosecuted have been based on contingent fee agreements. Though my practice is primarily civil plaintiff personal injury, products liability, medical malpractice, I have been active in commercial litigation. In connection with representation of a coal powered electric generation plant, Southern Illinois Power Cooperative (SIPC), which my firm represented exclusively for over thirty years, I have been involved in environmental and commercial litigation. Through my firm's representation of the City of Herrin and its municipal water distribution system and through drafting and enforcement of water supply contracts between SIPC and the Lake of Egypt Water District, I am familiar with the legal representation utilized by community water systems. Through class and patent litigation with Monsanto Company and Environmental Protection Agency monitoring and enforcement actions with SIPC for gas emissions and ground water discharge, I have become familiar with issues relating to herbicide residue and monitoring water contaminants. I drafted and aided in the passage of the Illinois Drilling Operations Act and subsequent amendments of the Act. The Drilling Operations Act (765 ILCS 530/1) was enacted, in part, to deal with issues of salt water contamination of agricultural soils due to escape of salt water encountered in drilling and production of oil wells.

4. Through my firm I have been involved as counsel of record for over 25 class action and collective action lawsuits prosecuted in Illinois state courts and in the Federal District Court for the Southern District of Illinois.

5. Through review of the pleadings, the class settlement terms and discussions with various Plaintiffs' counsel I have gained an understanding and appreciation the scope and issues that were addressed in this cause. My firm does not have the expertise nor enormous resources needed to prosecute a civil action of the magnitude of the case at bar; which has been successful

in creating a fund for a class of community water systems to utilize in filtering atrazine from their finished water. However, from my litigation of class and patent cases with Monsanto Company, I am familiar the type of well-funded, and aggressive defense that was pursued by Syngenta Crop Protection, Inc. and Syngenta Ag. in this case and the companion state cases.

5. Korein Tillery is the only law firm I know of in this area that could undertake and litigate the types of case like the one at bar. This litigation requires Class counsel with the resources, time, money and legal prowess to successfully develop and prosecute a theory of liability and competently handle millions of pages of discovery while acquiring technical expertise to counter years of research on the health effects of a herbicide funded by a multi-national agricultural industrial giant.

6. Through past association between my firm and Barron & Budd P.C. (in relation to joint prosecution of asbestosis cases) I have become aware of that firm's pre-eminent national reputation for handling environmental contamination cases. I am unaware of any national firm that has the expertise of Barron & Budd P.C. in the prosecution of ground water contamination class based civil actions.

7. My firm's contingency fee contracts with individuals call for a fee of 33 1/3 % plus costs. In the case at bar similar contingency fee agreements were reached with commercial and municipal clients, in arms length transactions. All of the contingency contracts would have been reviewed and approved by in house or independent legal counsel. From my firm's representation of the City of Herrin, Illinois, I know that an ordinance authorizing participation in a class action and representation based on a contingency fee would be needed to allow the municipality to enter a contingency fee class agreement. From a review of the contracts at issue I note the municipal

water districts' authority was ordinance based which assures they were arms length and deliberative contractual commitments.

8. As mentioned above I would not have bid or contracted to take this case as lead or co-lead counsel. However, I also would not have agreed to become involved in the action as co-counsel and take on a proportionate amount of the cost unless a contingency fee agreement providing for at least 1/3 of the gross recovery and recoupment of cost was in place. Further, I am not aware of anyone in this market who would. Class counsel's request for a fee of 33⅓% of the recovery and recoupment of costs, is in accord with what is negotiated in the market.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2012

Thomas F. Crosby