IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CITY OF GREENVILLE, et al.,** individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG,**<br><br>    Defendants. | Case No.: 3:10-cv-188-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes.  On May 30, 2012, the Court certified a nationwide class and gave preliminary approval to the Settlement Agreement reached in this case (Doc. 297).  In its order, the Court directed the Settlement Administrator to implement the plan to give notice of the Settlement Agreement to all class members who would be bound by the Settlement Agreement, set a final approval hearing on October 22, 2012, and set interim deadlines for related actions.  One of those interim deadlines was a deadline to object:

> 26.    Any Class Member who wishes to object to the Settlement or an award of fees or expenses to Class Counsel must file with the Clerk of the Court, with service on all Parties in accordance with Fed. R. Civ. P. 5 and S.D. Ill. L.R. 5.1, a written and signed statement, designated "Objection."  Service on the Court and all Parties must be completed Tuesday, August 28, 2012.

Southern District of Illinois Local Rule 5.1(c) provides, in pertinent part,

>    (c) Electronic Filing
>
> All parties must file documents by electronic means that comply with procedures established by the Court unless specifically exempted for good cause shown. Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight (Central Time) to be considered timely filed that day, **unless a specific time is set by the Court**.

(bold in original). Procedures established by the Court for electronic filing include Electronic Filing Rule 1, which states, in pertinent part:

> All cases, civil and criminal, are assigned to the Electronic Case Filing (ECF) system. Attorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown.

(underlining in original).

> The Notice mailed to class members confirms the electronic filing requirement:
>
> Any party who is represented by an attorney must file the objection electronically with the Court through the Court's Electronic Case Filing ("ECF") system . . . .

(Doc. 294-1, Page ID # 10429, ¶ 23).

Read together, the Court's May 30, 2012, order, Local Rule 5.1(c), Electronic Filing Rule 1 and the Notice require that objections to the Settlement Agreement from a party represented by counsel must be electronically filed before midnight (Central Time) on August 28, 2012. No objections were timely filed.

The Court now turns to the putative objections filed by Public Water Supply District 1 of Clinton County, Missouri, and Nocona Water Department through their attorney Joseph Darrell Palmer (Doc. 317). Palmer signed the objections on August 28, 2012, and mailed a hard copy to the Court, which it received on September 4, 2012. That same day, the Clerk of Court returned the hard copy to Palmer because it had not been electronically filed as required by Electronic Filing Rule 1 and because it did not comply with the instructions in the notice to class members regarding filing objections. The Clerk of Court further notified Palmer that the document would

not be considered filed until it was filed in compliance with the Electronic Filing Rules and that the actual filing date would not relate back to the attempted filing date (Doc. 315). Palmer electronically filed the objection on September 6, 2012, nine days beyond the deadline for filing objections. For this reason, the Court **STRIKES** the objections (Doc. 317).

In light of the fact that the objections by Public Water Supply District 1 of Clinton County, Missouri, and Nocona Water Department have been stricken, there is no matter for which Palmer's appearance or *pro hac vice* admission is required. The Court notes that *pro hac vice* admission is at the discretion of the Court. Local Rule 83.1(b) states:

> (b) *Pro Hac Vice* Admissions
>
>> Any attorney licensed to practice law in any state of the United States or the District of Columbia who does not wish to be admitted generally but wishes to be admitted for the purposes of a specific civil or criminal case only *may*, upon submission of a Motion to Appear *Pro Hac Vice* which contains a verified statement setting forth the state and federal bars of which the movant is a member in good standing, the bar number, if any, issued by each jurisdiction, and the required filing fee of **$100.00** for *pro hac vice* motions, be permitted to appear of record and participate *pro hac vice*.

(emphasis added); *see Taurus Holding Co. of Am., Inc. v. Thompson*, 1997 WL 724513, at * 1 (7th Cir. 1997) ("a district judge has discretion over *pro hac vice* admission"); *Metro E. Black Contractors Org., Inc. v. Illinois Dep't of Transp.*, No. 11-cv-1041, 2011 WL 6303241, at * 2 (S. D. Ill. Dec. 16, 2011) (admission of attorneys to practice in a federal court is an exercise of its inherent power and is at its discretion").

The plaintiffs urge the Court to deny Palmer *pro hac vice* admission because he is a "'serial' or 'professional' objector[] who files[s] meritless objections in an effort to extract payment in exchange for dismissal of [his] frivolous claims." Pls.' Resp. to Motion for *PHV* Admission, Doc. 318 at 1. The Court has not had the occasion to review whether the objections

Palmer filed in this case are part of such an effort because the objections were not timely filed. Had the objections filed by Palmer been timely, the Court may have granted him *pro hac vice* admission and addressed any frivolous objections using Rule 11 sanctions.  *See, e.g., City of E. St. Louis v. Circuit Court for Twentieth Judicial Circuit, St. Clair County, Ill.*, 986 F.2d 1142 (7th Cir. 1993).  However, the objections were untimely and have been stricken.  Palmer's admission would serve no purpose in this case.

For the foregoing reasons, the Court **DENIES** Palmer's motion for *pro hac vice* admission (Doc. 316) and **DIRECTS** the Clerk of Court to terminate Public Water Supply District 1 of Clinton County, Missouri, and Nocona Water Department as objectors and to terminate Palmer as their counsel.  Pursuant to Administrative Order 116, the Court **DIRECTS** the Clerk of Court to refund Palmer's $100 *pro hac vice* admission fee to the credit card from which the payment was made.

In light of this ruling, discovery as to Palmer's motives and the merits of the objections is not warranted.  Accordingly, the Court **DENIES** the plaintiffs' motion for expedited discovery (Doc. 319) and **QUASHES** any discovery the plaintiffs have served on Palmer, Public Water Supply District 1 of Clinton County, Missouri, or Nocona Water Department.

**IT IS SO ORDERED**.

s/J. Phil Gilbert    
**J. PHIL GILBERT**  
**DISTRICT JUDGE**

**Dated:  September 13, 2012**

4