| | |
|---|---|
| From: | daniel.michaelis@syngenta.com |
| Sent: | Tuesday, May 14, 2002 8:59 AM |
| To: | IMCEAEX-_O=NOVARTIS-AG_OU=USGRPP01P_cn=Recipients_cn=806933 @SYNGENTA.COM; vince.alventosa@syngenta.com; ed.resler@syngenta.com |
| Cc: | christoph.maeder@syngenta.com |
| Subject: | Group Companies |
| Attachments: | Letter to Regional Counsels.doc; NAFTA Companies.doc; Group Organisation.doc |

Dear Beth, Vince and Ed

Please find enclosed a memo, which I hope is sufficiently clear, together with a list of companies and the document entitled "Syngenta Organisation Scheme".

The idea is to establish which companies will in future continue to exist as Syngenta group companies and then implement, directly or through the companies' secretaries, the measures described in the "Organisation Scheme" as appropriate under applicable law. Since we do not have the resources in Basel we depend on your support.

In particular, we understand that all the former ISK companies in Latin America are going to be liquidated by NAFTA Corporate Legal and have, therefore, included those companies here rather than Region LATAM. Further, there are quite a few US companies that we are not familiar with and I'd appreciate if you could briefly describe what those are about.

Please call if you wish to discuss.

Thanks in advance for your support & best regards

Daniel

1

**EXHIBIT**
P

GRNVL0000085746
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 1

Daniel Michaelis
Senior Corporate Counsel

Syngenta International AG
Schwarzwaldallee 215
WRO-1001.2.21
P.O. Box
CH-4002 Basel
Switzerland
www.syngenta.com

Tel: +41 61 / 323 70 35
Fax. +41 61 / 323 64 33
daniel.michaelis@syngenta.com

To :

| | |
|---|---|
| Region NAFTA : | Beth Quarles<br>Vince Alventosa<br>Ed Resler |
| SE & Biotech (non-NAFTA): | Verena Trutmann |
| CP Region APAC : | Jean Desombre |
| CP Region EMEA : | Lynton Boardman |
| CP Region LATAM : | Horacio Busanello |

25/10/2010

**Group Companies**

Dear colleagues

Please find enclosed a list of companies for your respective area. This reflects our understanding based on the information available from Group Administration and the various restructuring proposals submitted to headquarters and whose implementation by now should be well advanced. Of course, this understanding of ours is inaccurate in many respects and I'd appreciate your support in getting things right.

Those companies which to our understanding are fully controlled Syngenta group companies and which will continue in future are set out in bold print. In normal print are those companies where Syngenta either does not hold a controlling interest or which are going to disappear, through merger or liquidation, (or possibly already have disappeared) in the local restructuring process or where we simply lack information. Could you please review the list and advise of any errors, companies listed that you think do not belong to your area as well as companies which are missing. Further, could you please briefly answer the questions as per the "Comments" column and, in particular, indicate those companies not under Syngenta's control.

GRNVL0000085747
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 2

Further, please find enclosed a document entitled "Syngenta Organisation Scheme" and which only slightly has been modified as compared to the draft version most of you have already seen. Could you please distribute this document to the directors and secretaries of those companies in your area, which are to continue as Syngenta group companies (i.e. printed bold after review of the companies list), sensitise their awareness about the issues and assist them in abiding by the principles set out therein. In particular, the measures as per section 2 "Organisation of Group Companies" should be implemented as appropriate for the respective legal form and for each group company Levels of Authority should be established in accordance with the model in the annex. The financial thresholds in the real estate section should be determined for each company together with the Regional Finance Function. It goes without saying that, where local law imposes more stringent standards those prevail. We suggest that you take this opportunity to also confirm for each company that the requisite constitutional documents exist and are in good legal shape and that a copy of the latest version has been sent to Group Administration in Basel. It is planned to address these topics in the next Assurance Letter exercise towards the end of this year or early next year.

The enclosed list of companies also contains a column "Secretary" and you will note that in quite a few instances we have no data available at our end. Since the secretary of each company is the main interface for Group Administration, could you please complete this information and include in your feedback about Syngenta group companies in your area.

Thanks in advance for your support. Please call if you wish to discuss and let us know if we can be of assistance.

Best regards,


Daniel Michaelis


Att.:   List of companies
        Syngenta Organisation Scheme

GRNVL0000085748
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 3

GRNVL0000085749
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

**NAFTA Companies**
(Source: Group Administration)

| Country | Code | Company Name | Secretary | Comments |
|---|---|---|---|---|
| Barbados | ??? | Zeneca Foreign Sales Corporation | QUAIN Cheryl | liquidated ? |
| Brazil | BR091 | ISK Biosciences Comercial Ltda. | De OLIVEIRA José Ercilio | liquidated ? |
| | CA003 | Sandoz Agro Canada Inc. | ALVENTOSA Vince | status ? |
| | CA005 | **Syngenta Seeds Canada Inc.** | - | |
| | CA009 | **Syngenta Crop Protection Canada Inc.** | ALVENTOSA Vince | |
| Canada | CA090 | Zeneca Corporation | - | merged into SCPCInc. ? |
| | ??? | ISK Biosciences Limited | ENGELMANN Glenn M. | liquidated ? |
| Colombia | CO090 | Zeneca Agricola Colombiana Ltda. (ISK Biosciences Ltda.) | - | liquidated ? |
| Costa Rica | ??? | ISK Biosciences S.A. | ESCALANTE Roberto | |
| Ecuador | ??? | ISK Biosciences C.A. | BUSANELLO Horacio | liquidated ? |
| Guatemala | ??? | ISK Biosciencias S.A. | ESCALANTE Roberto | liquidated ? |
| Honduras | HN090 | ISK Biosciences Agroex S.A. | ESCALANTE Roberto | liquidated ? |
| | MX004 | **Syngenta Agro, S.A. de C.V.** | IBARRA GARCIA Rodolfo | |
| | MX090 | Zeneca Mexicana, S.A. de C.V. | - | merged into SASAdeCV ? |
| Mexico | ??? | **Syngenta Corporativo, S.A. de C.V.** | IBARRA GARCIA Rodolfo | |
| Peru | ??? | ISK Biosciences S.A. | - | liquidated ? |
| USA | US006 | **Syngenta Crop Protection Inc.** | ALVENTOSA Vince | |
| | US013 | **Syngenta Seeds Inc.** | RESLER Eward C. | |
| | US019 | Sandoz Agro, Inc. | NADEL Alan | status ? |
| | US062 | Santa Maria Valley Warehouse Co. Of California | - | minority interest ? |
| | US067 | West Cost Beet Seed Co. | BURT George E. | minority interest ? |
| | US090 | Zeneca Ag Products Holdings Inc. | QUARLES Elizabeth K. | merged into SCorp ? |
| | US101 | Novartis BCM North America | LANE Anthony E.S. | |
| | US103 | **Syngenta Biotechnology Inc.** | QUAIN Cheryl L. | |
| | US119 | Diversa Corporation | - | minority interest ? |
| | US121 | **Syngenta Speciality Crops, Inc.** | RESLER Eward C. | |
| | US122 | Wilson Genetics, LLC | - | to be terminated |
| | US130 | Farmers, Inc. | - | minority nterest ? |

Exhibit 049 Page 4

**NAFTA Companies**
(Source: Group Administration)

2

| Country | Code | Company Name | Secretary | Comments |
|---|---|---|---|---|
| | US137 | Zymetrics | TUAN James | minority interest ? |
| | US141 | Syngenta Corporation | QUARLES Elizabeth K. | |
| | US144 | Torrey Mesa Research Institute | QUAIN Cheryl L. | |
| | US145 | Syngenta Investment Corporation | QUARLES Elizabeth K. | |
| | ??? | Zeneca Ag Products | - | status ? |
| | ??? | Syngenta Wilmington Inc. | QUARLES Elizabeth K. | |
| | ??? | Syngenta Fincance Corporation | QUARLES Elizabeth K. | |
| | ??? | Syngenta America, Inc. | QUARLES Elizabeth K. | status ? |
| | ??? | Zeneca Biosciences Americas Corporation | - | status ? |
| | ??? | Zeneca Biosciences International Corporation | ALVENTOSA Vince | status ? |
| | ??? | Zeneca Biosciences Products Inc. | ALVENTOSA Vince | status ? |
| | ??? | Zeneca Biosciences Holding Company | ALVENTOSA Vince | status ? |
| | ??? | GB Biosciences Holdings Inc. | ALVENTOSA Vince | status ? |
| | ??? | GB Biosciences Corporation | ALVENTOSA Vince | status ? |
| | ??? | Maxygen Inc. | STERN Juian M. | minority interest ? |
| | ??? | Agricultural Re-Entry Task Forece L.L.C. | PAUL Paula | minority interest ? |
| | ??? | Outdoor Residential Exposure... | PAUL Paula | minority interest ? |
| Venezuela | ??? | ISK Biosciences C.A. | - | liquidated ? |

GRNVL0000085750
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 5

# Syngenta Organisation Scheme

## Purpose

Syngenta's management structure is built around a functional and territorial matrix with various management layers and levels of authority.
On the other hand, Syngenta's world-wide business is conducted through separate legal entities incorporated in various jurisdictions and in accordance with local laws.

The possibility exists that the decision-making process along the management structure conflicts with legal requirements, exposing Syngenta in the areas of liability, tax and jurisdiction.

The purpose of this document is to set out guidelines to minimise the risk of such conflicts.

### Contents :

1. Introduction
2. Organisation of Group Companies
3. Contracts Between Group Companies
4. Communication Between Group Companies
5. Legal and Tax Matters

**Annex :** Model Levels of Authority

GRNVL0000085751
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 6

1. Introduction

   1.1. Legal Structure

   1.1.1. Syngenta is a group of companies which are all held, directly or indirectly, by **Syngenta AG**. Besides being listed on the Swiss, New York, London and Stockholm stock exchanges Syngenta AG acts as a financing and holding company, but has no operational activities.

   In particular, Syngenta AG holds the following participations :

   - **Syngenta Crop Protection AG**, Basel : the headquarters of crop protection business. This company also holds various participations, in particular **Syngenta Seeds AG**, the headquarters of seeds business.

   - **Syngenta International AG**, Basel : the management company providing services to other group companies.

   - **Syngenta Participations AG**, Basel : the principal holding company for participations outside of Switzerland and the owner of a substantial part of Syngenta's intellectual property.

   - Other **Swiss operational companies** : such as Syngenta Crop Protection Monthey SA, Syngenta Crop Protection Schweizerhalle AG, Syngenta Crop Protection Münchwilen AG, Syngenta Agro AG.

   Most group companies outside Switzerland are held, directly or indirectly, by Syngenta Participations AG. Quite a few of these participations are held through intermediate holding companies incorporated in The Netherlands.

   1.1.2. Each group company is a separate legal entity established in accordance with the laws of its country of incorporation. Some companies maintain branches or technical / representative offices in another country. In such instances the laws of the host country must also be observed for the conduct of such branch's, technical or representative office's business.

   1.1.3. The various companies of Syngenta are legally related to each other by means of participation (i.e. one company is a shareholder in another company), and contracts (e.g. distribution, licensing, service or intra-group loan agreements). Group Administration in Basel keeps track of the participation relationships among the various companies of the Syngenta group.

   1.1.4. Generally, the body legally responsible for the management of a company's affairs is its board of directors. Any interference by outsiders (including shareholders outside the scope of their statutory role) exposes Syngenta to the risks set out below. This implies that all decisions about the company's business have to be properly formalised and documented.

   1.2. Management Structure

   1.2.1. Syngenta's management structure does not follow the legal structure. Most obviously, the regions are not as such incorporated as legal entities. Further, each business function has its own management groups and committees composed of representatives from different legal entities. The most prominent exponents of Syngenta's management are :

GRNVL0000085752
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 7

- the Board of Directors of Syngenta AG and its committees;
- the Syngenta Executive Committee ("SEC");
- the Chief Executive Officer and the Members of the Executive Committee;
- the Chief Operating Officers of the Divisions and the divisional management teams;
- the Region Heads and the regional management teams.

### 1.3. Exposure

Generally, legal responsibility is defined in relation to each separate legal entity. The discrepancy between this approach and Syngenta's group-wide management structure is obvious, in particular with regard to functional reporting lines. The possibility exists that the decision-making process along the management structure violates legal requirements. This exposes Syngenta to substantial risks :

1.3.1. Tax authorities may try and expand the basis for taxation beyond their jurisdiction by disregarding the separateness of different legal entities. All intra-group transactions will be questioned under the aspect of the so-called "at arms' length" principle of the OECD guidelines.

1.3.2. Interference by a company's representatives with another entity's business may expose that company to the jurisdiction of the courts of the country where the other entity is established.

1.3.3. The separateness of a company from its shareholder may be disregarded ("piercing the corporate veil"), exposing the shareholder directly to claims against its subsidiary.

In order to minimise these exposures, legal compliance is essential and each Syngenta company (wherever located, in Switzerland or abroad) must be organised and its business conducted strictly in accordance with its constitutional documents and the laws of the country where it is incorporated. Any communication must be avoided that could imply interference with its affairs by outsiders.

GRNVL0000085753
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 8

## 2. Organisation of Group Companies

### 2.1. A Grain of Salt

Each group company has to be organised and run strictly in compliance with the laws of its country of incorporation. Depending on the legal form chosen in accordance with local law and the company's constitutional documents, the competencies and inter-relationships of its corporate bodies (shareholders' meeting, Board of Directors, management of business operations) may differ to some degree.

The following is assuming that the Board of Directors has the authority to directly resolve business matters (e.g. real property transactions) and accordingly delegate powers to officers and employees. This assumption may not be appropriate in all instances, e.g. where the Board of Directors has only supervisory functions and can only approve or reject proposals made to it by management or where shareholders, acting in shareholders' meeting, can give directions and instructions directly to the management. Depending on the specific local situation, procedures have to be adapted accordingly in order to assure full compliance with the company's constitutional documents and applicable law.

### 2.2. Responsibilities of Board of Directors

The Board of Directors controls the company subject only to the powers of the shareholders (acting in general meetings) and is responsible for the conduct of the company's business. It has to meet whenever required to do so upon such notice as may be prescribed by its constitutional documents and national law. Besides those matters which the Board of Directors is anyway required to deal with under applicable law, the business considered by the Board of Directors includes

- Defining the company's organisation
- Appointment of representatives / signatories of the company and deciding delegation of authority
- Implementation and review of internal control systems
- Approval of statutory accounts
- Appropriation of profits
- Approval of budgets and business plans
- Review of financial statements and
- Initiation and settlement of major legal proceedings
- Agreements concerning licensing-out of patents, know-how or trademarks
- Agreements concerning pooling of interests
- Real property transactions : purchase, sale, mortgage, lien
- Investments / divestments relating to buildings and other fixed assets if transaction value exceeds threshold defined for each company
- Tenancy / lease of real estate, plant or equipment if transaction value up to expiry (in case of fixed term contract) or for the first five years (in case of unlimited duration of contract) exceeds threshold defined for each company
- Share capital and other equity transactions
- Investment / divestment of participations
- Establishment / funding / amendment of rules of employee benefit & welfare plans / funds and private medical plans
- Special pension arrangements outside existing plans / policies

GRNVL0000085754
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 9

- Restructuring, in particular personnel restructuring plans
- Donations policy.

The Board of Directors of each Syngenta company has to formally establish the company's statements of responsibilities and competencies for directors, officers and employees. Depending on local terminology such a statement of responsibilities and competencies may be called differently (authorities to sign, limits of authorisation, delegated powers etc.). For internal purposes we refer in Syngenta to these documents as "Levels of Authority". A model is attached as **Annex**.

### 2.3. Administration

2.3.1. The board of directors of each Syngenta company is responsible for the administration of the company in accordance with the laws of its country of incorporation and its constitutional documents. This includes

- holding board meetings and shareholder meetings
- keeping properly written-up company records and minutes,
- producing annual reports and accounts, and
- filing statutory returns with relevant authorities.

2.3.2. Save in exceptional circumstances (e.g. when resolutions are made by way of circular decision) board meetings should be held in the country of the relevant Syngenta company. Advice and assistance in dealing with the formalities of convening and administering board and shareholders meetings are provided by the Legal and Taxes Function.

2.3.3. The Board of Directors' secretary has to keep minutes of all board meetings and resolutions. Group Administration, together with the Finance and Legal Functions will provide guidance on the procedures to be followed.

2.3.4. Group Administration at headquarters keeps a file for each Syngenta group company. In order to assure the accuracy of this information it is essential that whenever changes are made to the constitutional documents a copy is sent to Group Administration in a timely manner. Further, Group Administration has to be informed of any changes in the participations in a Syngenta company.

2.3.5. All requests from local organisations for documents to be issued for corporate matters (e.g. powers of attorney) have to be addressed to Group Administration who will then provide for the further process. In order to comply with local law, a draft of the requested document should be submitted. Further, whenever annual accounts are tabled a power of attorney will only be issued after approval by Group Finance.

### 2.4. Appointments

2.4.1. Directors, company secretaries and other officers of Syngenta companies must be appointed and must retire strictly in accordance with the constitutional documents of the company and the laws of the country of incorporation. The Divisions have to submit their proposals for appointments to Group Administration.

2.4.2. The majority on the board of directors of each Syngenta company should be composed of local executives. Subject to legal requirements relating to residency, nationality etc. of

GRNVL0000085755
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 10

    directors, representatives of Syngenta's headquarters or the relevant region may be appointed as directors, but they should always be a minority.

2.4.3. Syngenta will provide appropriate insurance for directors and officers.

2.4.4. A list of the current directors, company secretaries, officers and shareholders of each Syngenta company shall be kept by the company itself. The secretary of each company is responsible for keeping this list up to date and forthwith communicate any changes to Group Administration.

2.4.5. The board of each company is responsible for the appointment of those individuals authorised to represent the company towards third parties and the formal establishment of their powers, in accordance with the company's constitutional documents and the laws of the relevant country. Signatories for Swiss companies will represent their company jointly by two, whereas foreign companies will be represented in accordance with local law and practice. The secretary of the company has to maintain at all times an up-to-date list of such delegated authorities identifying each individual's financial limits of authority.

GRNVL0000085756
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 11

## 3. Contracts Between Group Companies

3.1. All inter-company transactions should be governed by an agreement clearly stipulating responsibilities, remuneration and allocation of risks. Such agreements are an essential part of the documentation required for tax purposes and the lack of a written agreement may complicate the evidence of relevant conditions and shift the burden of proof on Syngenta.

3.2. All dealings and contractual relationships between Syngenta group companies must be "<u>at arms' length</u>". This means they must occur on terms and conditions not more or less favourable than similar transactions between unrelated third parties.

3.3. In order to maintain the separateness of legal entities it is essential that no group company concludes contracts in the name or on behalf of another group company unless it is expressly authorised to do so. In particular, no employment contracts must be concluded by headquarters or by the regions with other group companies' employees.

A group company may grant a power of attorney to a representative of another group company for concluding. In order to avoid tax issues such powers of attorney must always be in favour of an individual rather than a company, must be case specific and limited in time and must never be granted in a general manner for concluding certain types of contracts. In all such instances Legal and Taxes has to be contacted for guidance.

Further, it is feasible that one group company concludes a contract with a third party for the benefit of other group companies. One company may e.g. agree with a supplier the terms and conditions under which other group companies may place orders with such supplier, but without committing other group companies in any way. It is then up to the other group companies to decide whether they wish to place orders within this framework or prefer to negotiate their own terms.

GRNVL0000085757
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 12

## 4. Communication Between Group Companies

### 4.1. General:

4.1.1. Syngenta implements its business strategies through the establishment of broad objectives, consultation and appointment of appropriate individuals in responsible positions. It is essential that representatives of different group companies observe this in their communications with each other. No instructions, orders or approvals shall be addressed to group companies by persons who do not have the authority to do so in accordance with the respective group company's constitutional documents, internal regulations and applicable law. Outsiders shall restrict themselves to general policy statements, recommendations, suggestions and advice. Such recommendations, advice and suggestions have no legal effect but can only provide guidance. They need to be implemented at group company level in a formally correct manner in accordance with the company's constitutional documents, internal regulations and applicable law.

4.1.2. Expressions must be avoided such as:
- "We request that you [do / decide / implement etc.]"
- "We agree that you [do / decide / implement etc.]"
- "We instruct you to ..."
- "We insist on receiving the following information".

Rather, language could be used like:
- "We recommend / suggest ..."
- "We propose for your consideration ..."
- "We would appreciate your sending us the following information

4.1.3. Guidelines and policies conceived by global or regional HQ should be accompanied by a covering letter explaining that these are suggestions serving as an example of how the covered issue could be addressed and inviting the group company to consider implementation of a similar instrument.

4.1.4. Whenever executives from different Syngenta group companies meet for exchanging information and/or deciding on joint strategy, meeting minutes should be written by a person aware of the legal implications. As an alternative to general minutes it could be agreed that each participant informs regional or global HQ about the measures his or her group company intends to implement with respect to the topics discussed. Information that is relevant for group companies that were not represented at such meeting should be summarized in a personal letter describing the topics discussed and the conclusions drawn and be accompanied by an invitation to consider whether similar measures would be appropriate for the respective group company, or whether they wish to make other suggestions.

### 4.2. Board Members

4.2.1. Instructions given with respect to a group company's affairs must correspond to the authority of the instructing person or body in relation to that group company. Any confusion with an individual's function in another group company must be avoided and decisions / instructions have to be communicated in a way that clearly manifests the individual's role in the concerned group company. In particular, letters by Board members should be written on personal stationery or under the concerned group company's

GRNVL0000085758
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 13

letterhead and without reference to titles or functions in any other Syngenta group company.

4.2.2. Since a single member of the Board is not authorized to give instructions to the company a Board member must not address instructions to the group company as such. Rather, a request should be addressed to the chairman of the Board or the company secretary to initiate a formal decision-making procedure and table the matter on the agenda of the next Board meeting (or shareholders' meeting, as the case may be). Only once a formal resolution has been taken by the competent body will the matter be settled with legal effect for the group company. Responsibility for implementation then lies with the group company

4.2.3. Outsiders should inform the members of the Board of a group company personally, preferably by phone, about new tendencies, policies etc. in Syngenta. If such information is conveyed in writing the letter should be addressed to the chairperson of the Board or to the secretary of the company, suggesting that the relevant issue be considered and a proposal submitted to the Board (or the shareholders' meeting, as the case may be).

4.2.4. Particular care is required in cases where employee representatives sit on the Boards.

GRNVL0000085759
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 14

## 5. Legal, Tax and Insurance Matters

5.1. It is the responsibility of Syngenta's Legal, Taxes and Insurance functions to advise Syngenta companies on all legal, tax and insurance matters. It selects, instructs and supervises external counsel and advisors.

GRNVL0000085760
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 15

**Annex :** Model Levels of Authority

## Levels of Authority for group company XYZ

|   |   | Board | Management |
|---|---|---|---|
| **1.** | **Organisation of the Company** | | |
| 1.1. | Defining the company's organisation | X | |
| 1.2. | Appointing representatives / signatories of the company and deciding delegation of authority | X | |
| 1.3. | Implementation and review of internal control systems | X | |
| **2.** | **Financial Matters** | | |
| 2.1 | Approval of budgets and business plans | X | |
| 2.2. | Review of financial statements / Approval of statutory accounts | X | |
| 2.3. | Appropriation of profits | X | |
| **3.** | **Equity Transactions** | | |
| 3.1. | Change in share capital and other equity transactions | X | |
| 3.2. | Issue of share Options | X | |
| **4.** | **Investments and Divestitures** | | |
| 4.1 | Acquisition of participations | X | |
| 4.2. | Divestment of participations | X | |
| **5.** | **Real Estate Transactions** | | |
| 5.1 | Real property transactions : purchase, sale, mortgage, lien | X | |
| 5.2. | Investments / divestments relating to buildings and other fixed assets if transaction value exceeds threshold | Above … | Up to … |
| 5.3. | Tenancy / lease of real estate, plant or equipment if transaction value up to expiry (in case of fixed term contract) or for the first five years (in case of unlimited duration of contract) exceeds threshold | Above … | Up to … |
| **6.** | **Agreements** | | |
| 6.1. | Licensing-out of patents, know-how or trademarks | X | |
| 6.2. | Pooling of interests | X | |
| **7.** | **Legal Proceedings** | | |
| 7.1. | Initiation of major legal proceedings | X | |
| 7.2 | Settlement of legal proceedings | X | |
| **8.** | **Employment Matters** | | |
| 8.1. | Establishment / funding / amendment of rules of employee benefit & welfare plans / funds and private medical plans | X | |
| 8.2. | Special pension arrangements outside existing plans / policies | X | |
| 8.3. | Restructuring, in particular personnel restructuring plans | X | |
| 8.4 | Other employment matters as required by applicable law | X | |
| **9.** | **Donations policy** | X | |
| **10.** | Any other matters as required by applicable law | X | |

GRNVL0000085761
CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
IN ATRAZINE LITIGATION

Exhibit 049 Page 16