IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, IL;  VILLAGE OF COULTERVILLE, IL;  VILLAGE OF EVANSVILLE, IL;  VILLAGE OF FARINA, IL; CITY OF GILLESPIE, IL;  CITY OF CAMERON, MO;  CITY OF CONCORDIA, MO;  CITY OF CARBONDALE, KS;  CITY OF MARION, KS; MIAMI COUNTY RURAL WATER DISTRICT NO. 2;  CITY OF OSWEGO, KS;  CITY OF JASPER, IN;  VILLAGE OF MONROEVILLE, OH; CITY OF UPPER SANDUSKY, OH;  CRESTON MUNICIPAL UTILITIES;  ILLINOIS-AMERICAN WATER CO.;  MISSOURI-AMERICAN WATER CO.;  INDIANA-AMERICAN WATER CO., INC.; IOWA-AMERICAN WATER CO.;  OHIO-AMERICAN WATER CO.;  CHARITON MUNICIPAL WATERWORKS; and VILLAGE OF OTTAWA, OH, individually, and on behalf of all others similarly situated, <br><br>       Plaintiffs, <br><br> vs. <br><br> SYNGENTA CROP PROTECTION, INC., and SYNGENTA AG, <br><br>       Defendants. | Case No. 10-cv-188-JPG-PMF |
| ENVIRONMENTAL LAW AND POLICY CENTER and PRAIRIE RIVERS NETWORK, <br><br>       Intervenors. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the appeal by defendants Syngenta Crop

Protection, Inc., n/k/a Syngenta Crop Protection, LLC, and Syngenta AG of Magistrate Judge

Frazier's December 4, 2012 order directing that certain documents in this case be unsealed (Doc.

330).  The defendants object to the order to the extent it directs the following exhibits to

Document 112 be unsealed:  Exhibits 298, 329, 346, 348, and 357-60 (Doc. 332).  Intervenors

Environmental Law and Policy Center and Prairie Rivers Network, who assert the public's interest in access to Court files, have responded to the defendants' objection (Doc. 349). For the following reasons, the Court will affirm Magistrate Judge Frazier's order.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court may also *sua sponte* reconsider any matter determined by a magistrate judge. L.R. 73.1(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Whether certain documents filed under seal should remain under seal has been an issue in this case for more than two years. The plaintiffs originally filed documents under seal because they believed they were obligated to do so by a protective order, but the defendants are the parties with the interest in maintaining the secrecy of the documents. Thus, the defendants bear the burden of demonstrating that maintaining the documents under seal is warranted. They have repeatedly failed to satisfy this burden.

The issue of sealing documents was first addressed by the Court in Magistrate Judge Frazier's October 5, 2010, protective order (Doc. 90), in which he ordered the following:

- "All items filed with the Clerk under seal must be accompanied by separate motion showing good cause to exclude the material from the public record" (Doc. 90 at 1); and

- "Where any Confidential Information or information derived from Confidential Information is included in any court filing, the parties shall comply with the applicable Local Rules for the Southern District of Illinois for the electronic filing of materials under seal. Within 14 days, any party may file a separate motion showing good cause why the material should remain under seal" (Doc. 90 at 4, ¶ 9).

The plaintiffs believed this protective order obligated them to file under seal their motion to strike and the exhibits to that motion (Docs. 114 & 115), their motion to substitute their motion to strike (Doc. 116), and their substituted motion to strike (Doc. 121) because they

referred to or contained many documents the defendants had designated as "Confidential Information" during discovery. The defendants did not file a separate motion within 14 days showing good cause why the material should be maintained under seal. Instead, in conjunction with the Court's first order to show cause why the sealed documents should not be unsealed (Doc. 119), the parties attempted to justify sealing the documents by referring to the protective order (Doc. 126). They failed, however, to offer any legal reason or argument overcoming the presumption in favor of public access to court files.

The Court was dissatisfied with the parties' responses to its first order to show cause so it issued a second order (Doc. 170) for the defendants to show cause why every document in the case that had been filed under seal should not be unsealed, including the plaintiffs' response to Syngenta AG's motion to dismiss and the multiple exhibits to that response (Doc. 112).[1] In that order, the Court set forth the relevant law regarding when documents may be withheld from public view, which the Court will not reiterate in this order. It further directed that the defendants' response to the show cause order "must address each sealed document individually and must set forth a justification, with citation to relevant authority" (Doc. 170 at 4).

The defendants responded (Doc. 182) by dividing the sealed documents into three categories: (1) documents that should be unsealed because they were never designated or were wrongfully designated as "Confidential Information," (2) documents that should be stricken because they were duplicates of other documents or were not cited in any brief, and (3) documents that the Court should keep under seal. All the documents that remain in issue in this

---

[1]The defendants never filed a motion attempting to show good cause for keeping any of these documents under seal within fourteen days of their being filed, as required by the protective order.

case are in the third category.[2]

In support of the third category, the defendants cited three unpublished cases for the general propositions that documents should be sealed if they contain regulatory compliance and strategies and product development information, *see Bayer Healthcare, LLC v. Norbrook Labs., Ltd.*, No. 08-C-0953, 2009 WL 3444938 (E.D. Wisc. Oct. 23, 2009); organizational structure, employee assessments and employee compensation, *see Swartz v. Wabash Nat'l Corp.*, No. 4:07-cv-70-AS, 2009 WL 1606923 (N.D. Ind. June 8, 2009); and trade secrets, nonpublic financial information and nonpublic business information like pricing, business plans and strategies, *see Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336 (E.D. Wisc. Oct. 24, 2008). They also included a chart listing each exhibit they sought to keep under seal in whole or in part with, in the case of depositions, the lines sought to be kept under seal and, in the case of other documents, a general reference to the justification for keeping the document under seal. They did not, however, explain in any detail how the general justifications identified in the three cases they cited applied to the specific materials they sought to keep sealed. The fate of these third-category documents was decided by Magistrate Judge Frazier in his December 4, 2012, order (Doc. 330).

The defendants object (Doc. 332) only to Magistrate Judge Frazier's order to unseal Exhibits 298, 329, 346, 348, and 357-60 to the plaintiffs' response to Syngenta AG's motion to dismiss for lack of personal jurisdiction (Doc. 112).

After carefully reviewing the documents in question and Magistrate Judge Frazier's order

---

[2]In a July 21, 2011, order (Doc. 202), the Court directed that documents in the first category be unsealed, that documents in the second category remain under seal, and that depositions in the third category be unsealed *except* for the lines requested to be kept under seal. It reserved ruling on the rest of the third category and eventually referred that and related matters to Magistrate Judge Frazier (Doc. 302).

directing that they be unsealed, the Court finds that the order is not clearly erroneous or contrary to law. Furthermore, the Court sees no reason to *sua sponte* reconsider that decision. Magistrate Judge Frazier was correct in finding that the defendants have not shown good cause for keeping the documents under seal, and he reached the same result the Court would have reached had it considered the matter in the first instance.

As a preliminary matter, the Court finds that by failing to comply with the Protective Order's requirement to ask the Court to keep filed documents under seal, by failing to adequately support and explain in their response to the second order to show cause their assertion of good cause to seal,[3] and by presenting an argument for the first time in their appeal of Magistrate Judge Frazier's order, the defendants have waived any argument that the documents in question should remain under seal.

The Court further rejects the defendants' novel and unsupported argument that if the Court did not specifically mention an exhibit in an order, the exhibit was not necessary to the decision and should therefore remain under seal. This is simply not true. Courts often consider documents in the file without specifically mentioning them, as it did with all the exhibits in question.

Finally, the Court turns to each of the eight exhibits in turn:

1.   Exhibit 298

This is a now-three-year-old seventeen-page treasury policy. In their response to the second show cause order, the defendants justified keeping this exhibit under seal for the following reason: "Contain [sic] confidential business information regarding internal financial policies and strategies" (Doc. 182-1 at 20). The Court has reviewed the exhibit and finds that the

---

[3]The defendants' summary justifications for each of the documents in question are set forth in their entirety below.

defendants have not demonstrated that it reveals confidential, nonpublic financial information or that public disclosure would likely create a significant commercial advantage or disadvantage at this point in time.

2.  Exhibit 329

This is a now-three-year-old 144-page set of guidelines for higher level "sanctioning" or "support" of projects involving capital expenditures before they are "approved" by the legal Syngenta entity making the expenditure. In their response to the second show cause order, the defendants justified keeping this exhibit under seal for the following reason: "Contains confidential business information regarding financial processes and strategies" (Doc. 182-1 at 22). In their appeal of Magistrate Judge Frazier's order, the defendants do not point to any specific information in the exhibit warranting protection from public disclosure. Like Magistrate Judge Frazier, the Court declines to comb through the lengthy exhibit in an effort to locate specific information warranting protection from public disclosure, if it exists.

3.  Exhibit 346

This is a sixteen-page collection of in-house attorney recommendations for board of director approval of various settlements, property sales, dividend payments, bylaw revisions, and conversion of corporate status, the most recent of which is two and a half years old. In their appeal, the defendants call these "Board Minutes and Resolutions." In their response to the second show cause order, the defendants justified keeping this exhibit under seal for the following reason: "Contains confidential business information regarding business decision strategies and financial thresholds" (Doc. 182-1 at 23). The Court has reviewed the exhibit and finds that the defendants have not demonstrated that the e-mails do reveal confidential strategies that are commercially relevant at this point in time such that disclosure would likely subject the defendants to a risk of harm.

    4.    <u>Exhibit 348</u>

This is a 383-page collection of director meeting minutes, director resolutions, shareholder approvals, and stockholder approvals covering a period of approximately ten years, ending two and a half years ago. In their response to the second show cause order, the defendants justified keeping this exhibit under seal for the following reason: "Board of Directors Minutes and resolutions containing confidential business information regarding financial and strategic planning issues" (Doc. 182-1 at 23). In their appeal, the defendants do not point to any specific information warranting protection from public disclosure. Like Magistrate Judge Frazier, the Court declines to comb through the lengthy exhibit in an effort to locate specific information warranting protection at this point in time from public disclosure, if such material exists.

    5.    <u>Exhibits 357-60</u>

These documents provide synopses of other materials (codes, guidelines, protocols, policies) regarding assorted reserved powers and delegations of responsibilities for general categories of tasks and decisions with no indication as to the time frame of their relevance. In their response to the second show cause order, the defendants justified keeping these exhibits under seal for the following reason: "Contains confidential business information regarding decision-making policies and procedures including financial thresholds for certain corporate actions" (Doc. 182-1 at 23-24). In their appeal, the defendants do not give the Court any guidance as to how to determine which parts of the exhibits contain material that is held in confidence or is commercially relevant at this point in time. The Court has reviewed the exhibits and finds the defendants have not demonstrated that the exhibits contain sufficient indicia of confidentiality and that they reveal confidential strategies that are commercially relevant at this point in time such that disclosure would likely subject the defendants to a risk of harm.

In sum, the defendants have failed to carry their burden of showing good cause for maintaining Exhibits 298, 329, 346, 348, and 357-60 to the plaintiffs' response to Syngenta AG's motion to dismiss for lack of personal jurisdiction (Doc. 112) under seal. Accordingly, the Court:

- **AFFIRMS** Magistrate Judge Frazier's December 4, 2012, order (Doc. 330);

- **OVERRULES** the defendants' objection to that order (Doc. 332);

- **ORDERS** the plaintiffs to electronically refile on April 19, 2013, Exhibits 298, 329, 346, 348, and 357-60 to the plaintiffs' response to Syngenta AG's motion to dismiss for lack of personal jurisdiction (Doc. 112) without placing them under seal; and

- **DIRECTS** the Clerk of Court to enter final judgment as to the sealing issue accordingly.

**IT IS SO ORDERED.**
**DATED: March 19, 2013**

s/ J. Phil Gilbert
**Judge J. Phil Gilbert**