IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITY OF GREENVILLE, ILLINOIS *et al*, Individually and on behalf of all others similarly situated, </br></br>    Plaintiffs, </br></br>v. </br></br>SYNGENTA CROP PROTECTION, INC. And SYNGENTA AG, </br></br>    Defendants, | Cause No. 10-188-JPG |

MOTION TO INTERVENE
FOR THE LIMITED PURPOSE OF MODIFYING
THE PROTECTIVE ORDERS

COME NOW, James Doe by and through his mother and next friend Jane Doe and John Doe (collectively, "Intervenors"), and move to intervene in this case for the limited purpose of (a) modifying the protective orders to permit the discovery produced by Syngenta in this action to be used in Intervenors' personal injury suit alleging that exposure to atrazine in drinking water caused birth defects, and (b) opposing Syngenta Crop Protection, LLC's and Syngenta AG's (collectively, "Syngenta") motion to compel enforcement of the protective orders' requirement that the discovery produced in the present action be returned to the producing party or destroyed within 120 days after the conclusion of this litigation.

**A. Background**

Jane Doe gave birth to James Doe in 2007. Intervenors allege that as a direct and proximate result of his mother's drinking atrazine contaminated water, James was born with hypospadias, a birth defect that involves the urethra forming on the underside of his penis rather than its tip. See

Complaint (Exhibit 1). This birth defect required James to undergo painful surgery to move his urethra from the underside of his penis to its tip, including two weeks of hospitalization. He also required further medical interventions, which are likely to continue into the future.

In the Fall of 2011, while investigating their claims, Intervenors' counsel contacted Syngenta's counsel and received permission to review the documents produced in this litigation for the purpose of exploring Intervenors' personal injury suit against Syngenta. See Exhibits 2, 3 and 4. At counsel for Syngenta's request, counsel for Intervenors agreed to be bound by the protective order (Doc. 90) in this case. See Exhibit 4. Syngenta knew at the time it gave Intervenors' counsel permission to review the documents produced in this case that Intervenors' counsel was not working to assist plaintiffs in this litigation, but instead to evaluate Intervenors' personal injury suit. The protective order in this matter, however, appears to limit the use of "Confidential Material" produced here to the now dismissed class action. Protective Order, Doc. 90 at 4, ¶ 10 ("Confidential Information produced during the discovery phase shall not be used for any purpose other than this litigation."). The protective order also states that all the documents produced by Syngenta must be destroyed or returned to Syngenta within "120 days after the conclusion of this action, including the exhaustion of all appeals . . . ." Id. at 6, ¶ 20; also see Doc. 266 at 2, ¶ 6 (requiring destruction of data and reports at "the conclusion of this litigation").

Intervenors' claims against Syngenta and others cannot be economically pursued if they must repeat the discovery plaintiffs performed in this case because that cost would likely greatly exceed Intervenors' claims. *See, e.g.*, Class Counsel's Mtn. for an Award of Attorneys' Fees and Expenses, Doc. 308 at 18 ("costs associated with document copies, processing and review and travel were significant and account for more than $2,599,00.00."). In order to avoid such costs,

Intervenors' counsel wrote Steve Tillery on April 5, 2013, requesting confirmation that his firm would not destroy or return the documents received in discovery in this matter. See Exhibit 5. Intervenors' counsel has since learned that Syngenta seeks an order from this Court requiring the return or destruction of all materials produced in discovery in this matter (Doc. 362) and has requested reconsideration of this Court's order finding that the Court has lost jurisdiction over the issue because of appeals currently pending relating to the discovery in this matter (Doc. 365).

Because the viability of Intervenors' suit depends in large measure on the ability of Intervenors having access to the materials produced in discovery in this case, and that issue could be decided by this Court in the near future, Intervenors filed suit in the Circuit Court of St. Clair County, Illinois against Syngenta Crop Protection, LLC and Syngenta AG (and others) without using Confidential Materials from this suit (Exhibit 1), and have served a subpoena on Korein Tillery demanding it make available all the documents/information it received in discovery in this matter (Exhibit 6).

Intervenors therefore seek to intervene in the present matter for the limited purpose of modifying the protective orders entered in this case, including filing papers in opposition to Syngenta's motion to compel plaintiffs in this matter to destroy or return discovery produced by Syngenta in this matter.

### B. Standard for Permissive Intervention to Challenge a Protective Order

"Intervention is 'the procedurally appropriate course for third-party challenges to protective orders.'" *Griffith v. Univ. Hosp.*, 249 F.3d 658, 661-62 (7th Cir. 2001) (quoting *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994)). Under Rule 24(b), the Court has broad discretion to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" unless intervention would "unduly delay or prejudice the adjudication of the original parties' rights." *See City of Chi. v.*

3

*FEMA*, 660 F.3d 980, 986 (7th Cir. 2011). Moreover, courts must apply Rule 24 in light of Rule 1's mandate that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *See Wilk v. Am. Med. Assoc.*, 635 F.2d 1295, 1299 (7th Cir. 1980).

However, "when a third party seeks intervention under Rule 24(b) for the purpose of challenging a protective order in a case or controversy that is no longer live -- as when the case has been dismissed and none of the original parties has sought this relief post-judgment -- the intervenor must meet the standing requirements of Article III in addition to Rule 24(b)'s requirements for permissive intervention." *Bond v. Utreras*, 585 F.3d 1061, 1072 (7th Cir. 2009). "Article III standing requires an injury-in-fact capable of being redressed by a favorable decision of the court. An injury-in-fact is a concrete and particularized' invasion of a legally protected interest, and must be actual or imminent, not conjectural or hypothetical. Furthermore, standing exists only if it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 1072-73 (internal citations and quotation omitted).

### C. Argument

Intervenors satisfy Rule 24(b)'s requirements for permissive intervention: Intervenors have claims that share common questions of law and fact with those that were in dispute in the present action. They have standing under Article III because: (1) they have suffered concrete personal injuries, including a birth defect and financial loss and (2) the provisions of the protective orders limiting the use of the discovery materials to "this litigation" and requiring the plaintiffs' counsel in this case to destroy such materials within 120 days, if enforced, would impose enormous costs on Intervenors, making their claims economically unfeasible. Permitting Intervenors to intervene for the limited purpose of modifying the protective orders would not,

furthermore, unduly delay or prejudice the adjudication of the original parties' rights – because the suit between the water provider plaintiffs here and Syngenta has already been finally resolved.

Because an appropriate modification of the protective orders entered in this case will place Intervenors in a position they would otherwise reach only after repetition of the same time-consuming and expensive discovery that plaintiffs engaged in during the present action, this Court should permit Intervenors to intervene to seek modification of the protective orders entered here.[1]

1. **Intervenors have claims that share common questions of law and fact with the present action.**

Intervenors have filed claims against the same Syngenta defendants as in this case. They allege that Syngenta's design, manufacture and sale of atrazine injured them, physically, emotionally and financially, as a result of atrazine's presence in the drinking water Jane Doe consumed while pregnant with James. As part of their claims, they seek jurisdiction over Syngenta AG.

The claims in the present suit, similarly, required plaintiffs to prove jurisdiction over Syngenta AG and concerned whether atrazine's presence in drinking water was dangerous to human health. See, *e.g.*, Second Amended Complaint, Doc. 229 at 15-20, 24-29. Intervenors' claims in their action against Syngenta, thus, share common questions of law and fact with the present action; namely, (a) whether Illinois courts have jurisdiction over Syngenta AG, (b) whether and at what levels atrazine was present in the water James' mother consumed while she was pregnant with him, and (c) the harmful effects of atrazine contaminated drinking water on human health.

2. **Intervenors have Article III standing.**

---

[1] Plaintiffs have attached hereto their proposed Motion to Amend the Protective Order as Exhibit 7.

Intervenors allege an injury-in-fact capable of being redressed by a favorable decision of this Court. James was born with a birth defect that is specifically associated with the consumption of atrazine: His urethra exited on the underside of his penis, rather than its tip. As a result of his condition he underwent painful and expensive surgery. Intervenors allege their injuries are the direct and proximate result of Syngenta's unlawful conduct in designing, manufacturing and selling atrazine. They seek monetary damages for medical expenses and pain and suffering. Plaintiffs' personal injuries are an actual and concrete "injury-in-fact" that invaded their legally protected interests.

Furthermore, a favorable decision by this Court on Intervenors' Motion to Modify the Protective Orders will enable Intervenors to pursue their claims without the enormous expense and delays associated with duplicating the discovery in this case by enabling Intervenors to obtain the discovery directly from plaintiffs in this action. *See Doe v. Lansal, Inc.*, No. 08-cv-5983, 2012 U.S. Dist. LEXIS 28882 (N.D. Ill. Mar. 5, 2012). Consequently, Intervenors have Article III standing.

3. **Permitting Intervenors to intervene for the limited purpose of challenging the protective orders would not unduly delay or prejudice the adjudication of the original parties' rights.**

The present suit was finally resolved in a settlement this Court gave final approval to on October 23, 2012. See Doc. 325. There is nothing more for this Court to resolve regarding the plaintiffs' claims, except the extent to which documents will remain under seal and the issues relating to the Protective Orders requiring plaintiffs to destroy the documents they received from Syngenta and limiting the use of such documents and information to the present suit. Consequently, permitting Intervenors to intervene for the limited purpose of modifying the protective orders will not delay or prejudice the adjudication of the original parties' rights.

WHEREFORE, Intervenors respectfully request that the Court grant them leave to intervene for the limited purpose of modifying the Scheduling Orders and opposing Syngenta's motion to compel plaintiffs' counsel to destroy the materials produced in discovery.

Respectfully submitted,

By:    /s Robert J. Sprague

ROBERT J. SPRAGUE
SPRAGUE & URBAN LAW OFFICE
26 East Washington Street
Belleville, IL 62220
Telephone: (618) 233-8383
Facsimile: (618) 233-5374

JOSEPH A. POWER, JR.
POWER ROGERS & SMITH PC
70 West Madison Street, 55th Floor
Chicago, IL 60602
Telephone: (312) 236-9381
Facsimile: (312) 236-0920

CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to counsel of record.

By:   /s Robert J. Sprague

ROBERT J. SPRAGUE
SPRAGUE & URBAN LAW OFFICE
26 East Washington Street
Belleville, IL 62220
Telephone: (618) 233-8383
Facsimile: (618) 233-5374